Anna M. Matthews, Respondent, *v.* William T. Matthews, Appellant.

Jurisdiction — domestic relations — husband and wife — separation — judgment — court may not dispose of non-resident's property of which it has not taken possession — provision in judgment of separation appointing receiver of non-resident's property within State and directing payment of alimony therefrom void.

1. Before a judgment is entered purporting to deal with a non-resident's property within this State it must appear that by attachment, by injunction, by sequestration, in some manner the court has laid hands upon the property. It may not dispose of a non-resident's property which is not in its possession.

2. Where, therefore, prior to a judgment for separation, no proceedings had been taken to give to the court jurisdiction of property within this State of a'non-resident defendant, so much of the judgment is void as decrees that upon personal notice to the defendant, or upon such notice as the court shall direct, the plaintiff may apply for her alimony and expenses payable out of defendant's real and personal property within the State, appoints a receiver of the property with directions that he take possession thereof and apply it to the payment of such sums as may be awarded to the plaintiff, and enjoins the defendant from disposing of the same. Nor does a provision that the property remain in the hands of the receiver to be subsequently paid out on such notice to the defendant as the court may require cure the defect in jurisdiction.

*Matthews* v. *Matthews*, 220 App. Div. 825, reversed.

(Argued December 1, 1927; decided January 10, 1928.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 27, 1927, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Richard M. Page* and *William H. Page* for appellant. The trial court had no power or jurisdiction to grant in the original judgment herein an award of alimony, counsel fee and costs *in personam* against the defendant and provide for sequestration and receivership of his property. (*Rigney* v. *Rigney,* 127 N. Y. 408; *Burch* v. *Burch,* 116 App. Div. 865; *Edwards* v. *Edson,* 119 App. Div. 684; *Baylies* v. *Baylies,* 196 App. Div. 677; *Pennoyer* v. *Neff,* 95 U. S. 714; *Ackerman* v. *Ackerman,* 200 N. Y. 72; *Pollitzer* v. *Pollitzer,* 178 App. Div. 744; *Walker* v. *Walker,* 155 N. Y. 77; *Pennington* v. *Fourth National Bank,* 243 U. S. 269; *Matthews* v. *Matthews,* 240 N. Y. 28; *Bunnell* v. *Bunnell,* 25 Fed. Rep. 214.) The trial court had no power or jurisdiction to grant in the first amended judgment herein an award of alimony, counsel fee and costs payable out of defendant's property to be sequestered. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Matthews* v. *Matthews,* 210 App. Div. 652; 240 N. Y. 28; *Burch* v. *Burch,* 116 App. Div. 865; *Lynde* v. *Lynde,* 181 U. S. 183; *Thrift* v. *Thrift,* 54 Mont. 463; *Thompson* v. *Tanner,* 287 Fed. Rep. 980; *Minor* v. *Marysville Land Co.,* 229 Mich. 72.)

*Barnett E. Kopelman* for respondent.

ANDREWS, J. An action for separation was brought by the plaintiff against the defendant who was a resident of New Jersey. No service having been made upon him an order was obtained *ex parte* under section 1171-a of the Civil Practice Act sequestrating his property within the State and directing the payment from it of counsel fees and alimony. We held the proceeding was in the nature of an attachment. Property of a defendant resident or non-resident, upon whom personal service could not be made within the State, might be seized and held subject to further disposition by the court. But as in the case of an attachment this might not be done as regards a non-resident until by personal or constructive service of the summons jurisdiction of the action had been obtained. Thereafter the court may enter judgment

3

and dispose of the sequestered property. Here, however, no attempt had been made to serve the defendant. The order, therefore, was vacated *ab initio.* (*Matthews* v. *Matthews,* 240 N. Y. 28.)

Thereafter the plaintiff obtained an order for service of the summons and complaint upon the defendant by publication and such service was made. The defendant did not appear. Proper proof being had, a judgment by default was entered. This original judgment was subsequently amended and as it now stands it decrees the separation of the plaintiff and defendant; decrees that upon personal notice to the defendant or upon such notice as the court shall direct, the plaintiff may apply for her alimony and expenses payable out of his real and personal property within the State; appoints a receiver of this property with directions that he take possession thereof, and directs the receiver to apply such property to the payment of such sums as may be awarded to the plaintiff, and enjoins the defendant from disposing of the same.

The claim of the appellant is that while the decree of separation is valid here, the decree appointing a receiver of his property is void. He is, as has been said, a non-resident. No valid proceedings under Civil Practice Act, section 1171-a, were taken. Over this property the court has never obtained any jurisdiction whatever.

This is so. In actions for divorce or separation brought by one of our citizens against a non-resident service by publication does, so far as we are concerned, give our courts full jurisdiction to fix the marital status or relations of the plaintiff. We cannot, however, thus give a personal judgment that will bind the defendant except in so far as he has property in this State of which we may take possession. And it is not enough that at the time judgment is rendered he in fact has property within our jurisdiction. The right to dispose of it rests upon a prior seizure. Only so does the defendant receive notice that he has rights which should be protected. It must, there-

fore, appear before a judgment is entered purporting to deal with a non-resident's property, that by attachment, by injunction, by sequestration, in some manner, the court has laid hands upon his property within the State. (*Helme* v. *Buckelew*, 229 N. Y. 363, 371; *Pennoyer* v. *Neff*, 95 U. S. 714.)

In this case nothing was done prior to the judgment. If prior seizure is necessary to give the court jurisdiction to decree counsel fees and alimony payable out of a non-resident's property within the State, it is also requisite to enable the court to decree the seizure of such property and the vesting of title and possession thereto in one of its officers. No provision that the property shall remain in the hands of a receiver to be subsequently paid out on such notice to the defendant as the court may require cures this defect in jurisdiction. Neither directly nor indirectly may the court so assume to interfere with the property of a non-resident.

This is equally true in an action for separation as in an action for a divorce. All that the court may do is to fix the marital relations of one of our citizens. It may decree the divorce or the separation; it may fix the custody of children, at least if they are within the State; but it may not dispose of a non-resident's property which is not in its possession. The relations of the parties and the right to alimony and counsel fee are distinct. The right to decree as to the one does not involve the right to decree as to the other. (*McGuinness* v. *McGuinness*, 72 N. J. Eq. 381.)

So much of the judgment appealed from as affirmed the provisions in regard to property should be reversed, without costs. Being reversed, the various orders as to the receivership become unimportant and the order of the Appellate Division dismissing such appeals may be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.