CAMILLE GEARY, Plaintiff, *v.* JOHN R. GEARY, Appellant.
CARUTHERS EWING, as Receiver, et al., Respondents.

(Argued November 16, 1936; decided December 31, 1936.)

*Carroll G. Walter* and *James Lee Kauffman,* appearing specially, for appellant.

*Edward D. Bolton* for Caruthers Ewing, as receiver, respondent.

LEHMAN, J. The plaintiff and the defendant were married in the city of New York in 1918. They resided in Japan after the marriage. In February, 1931, the plaintiff, having returned to the State of New York, obtained an order for the service upon the defendant, by publication or personally in the State of California, of the summons in an action which the plaintiff was about to begin in this State for a separation. Service of the summons and verified complaint was made upon the defendant personally in California on March 8th, 1932. The defendant then was and still is a resident of Japan. On March 24th attorneys for the defendant appeared " specially " for the defendant " for the purpose and solely for the purpose of the motion to be made herein objecting to and denying the jurisdiction of the court over the person of the defendant and the subject of this action and for such reasons asking for a dismissal of the complaint herein and for no other purpose." An order to show cause why the complaint should not be dismissed was made returnable on March 28th, 1932, and after a hearing the motion was denied. In March, 1933, a judgment in the action was entered in the plaintiff's favor upon the defendant's default. It provides that " the plaintiff is entitled to a judgment of separation, from the bed and board of the defendant for ever, because of the abandonment of the plaintiff by the defendant, because of the cruel and inhuman treatment of plaintiff by the defendant, and because of his failure, neglect and refusal to provide for the plaintiff and the issue of the marriage of the plaintiff and defendant." The judgment awards to the plaintiff the sole custody of the

two infant sons of the parties and orders the defendant to pay to the plaintiff each month the sum of $3,000 for her support and the support of the two children. It further provides that " Caruthers Ewing, Esq., of 41 East 42nd Street, Borough of Manhattan, City of New York, the Receiver appointed by this Court by order dated the 7th day of April, 1932, be and he is hereby authorized to continue the Receivership in this action, for the support, maintenance and education of the children of the marriage, for the support of the plaintiff, and for her expenses in bringing and carrying this action and the proceedings incidental thereto or connected therewith, with the usual powers and directions."

The order dated the 7th day of April, 1932, appointing Caruthers Ewing receiver, which is referred to in the judgment, was an order for the sequestration of the defendant's property made in the pending separation action pursuant to the provisions of section 1171-a of the Civil Practice Act. At the time of the service of the summons and complaint upon the defendant in California, the defendant was served also with an order to show cause why an order should not be entered, sequestrating the property of the defendant within this State and appointing a receiver to take and hold the same until the further order of the court. On the return day of the order to show cause the motion was adjourned to March 28th, 1932. Prior to that day the plaintiff, by order to show cause, moved for alimony *pendente lite* and for counsel fee. That motion was also returnable on March 28th.

On that day not only the plaintiff's motions for orders sequestrating the defendant's property within the State and for alimony and counsel fees were made returnable but also the defendant's motion to set aside the service of the summons in the action on the ground that the court had not, by service of the summons without the State, obtained jurisdiction of the person of the defendant or the subject-matter of the action. The defendant could not appear generally and oppose the plaintiff's motions

without submitting himself to the jurisdiction of the court and abandoning the ground of his own motion to dismiss the complaint. If he succeeded upon his own motion to dismiss the complaint, then the plaintiff's motions must, in any event, fail because no action for separation would then be pending in which alimony could be granted. As we have said, the defendant's motion was denied and then the plaintiff's motions were granted upon the defendant's default. A motion made thereafter by the defendant to vacate the orders granting the motion for alimony and the motion to sequestrate the defendant's property was denied.

The order of April 7th, 1932, sequestrating the defendant's personal property and appointing Caruthers Ewing receiver of such property provides among other things that the General Electric Company of Schenectady, New York, and other corporations named in the order, deliver and turn over to the said receiver " all moneys, stocks, bonds and other property, in their possession, or control due or to become due to the defendant, John Richard Geary." The defendant was entitled to moneys from a pension or retirement fund of General Electric Company, and in September, 1932, an order was made directing the receiver " to take possession of all moneys which have become due or shall hereafter become due to the defendant out of the pension and/or retirement fund of the General Electric Company * * * and pay over the said funds to the plaintiff after deducting therefrom his lawful commissions and expenses."

Pursuant to these various orders of the court, General Electric Company paid all pension moneys due to the defendant to the receiver until September, 1935. Then counsel for the defendant notified General Electric Company that defendant claimed that the orders requiring such payments were void, and objected to further payments of moneys thereunder. The receiver then made this motion for an order directing the General Electric Company to forthwith pay over to the receiver all moneys

in its possession or control representing defendant's interest in the company's retirement or pension funds. General Electric Company maintains a neutral attitude in the controversy between the receiver and the defendant. It desires only that the court should decide that controversy by an order or judgment which is binding on all parties. The defendant has "appeared specially" to object to the jurisdiction of the court to grant the motion.

On the ground that the order granting the receiver's motion deprives the defendant of his property without due process of law the defendant has appealed to this court from the order of affirmance of the Appellate Division. The receiver respondent urges that the order is not a final order in a special proceeding, but is only an interlocutory order in the action auxiliary to and for the purpose of enforcing the judgment, and that, therefore, no appeal lies to this court without permission of the Appellate Division. The order is directed to General Electric Company. That company is not a party to the action, and the judgment is not an adjudication against it. The receiver now seeks an order which will bind that company though it is not a party to the action. To that extent, then, the proceedings are independent of the action and the order is a final order which is appealable to this court without leave of the Appellate Division. (Cf. *Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 N. Y. 1; *Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346; *Rosenberg* v. *Rosenberg*, 259 N. Y. 338.) We denied the defendant's motion for leave to appeal from previous orders made in 1932, which overruled objections to the jurisdiction of the court over the person of the defendant or the subject-matter of the action because these orders were interlocutory orders in an action. This appeal for the first time brings the objections of the defendant before this court.

No sequestration order was made in this action until April 7th, 1932, and no property of the defendant was seized actually or constructively until after that order was made. Without prior seizure of property, service of

process without the State is, it is said, entirely ineffective and the seizure must be made when jurisdiction in the action is *first* assumed. That was not done here. The judgment in the action was entered upon default after service of the summons made before any property was seized, and the defendant's contention is that, therefore, the award of alimony in that judgment is entirely void and that no property belonging to him may be seized and applied upon a void judgment.

The defendant does not upon this appeal challenge the validity of the judgment in so far as it decrees a marital separation or limited divorce. The attack is confined to the provisions of the judgment which award alimony and continue the receivership of the defendant's property. The governmental powers of the State of New York do not extend beyond its territorial limits and the jurisdiction of the courts of the State is confined to property and persons subject to the power of the State. Without service of process within the State or voluntary appearance in court or submission to its jurisdiction, no court of a State acquires jurisdiction of the person of a non-resident defendant or can grant a personal judgment enforceable by execution against his person or property. Though a State has power to provide that the property of a non-resident within the State may be applied to satisfy the obligation of a non-resident, it may do so only where the action is directed against property which the court has taken into its custody or possession and where the defendant who owns the property has actual or constructive notice of the action and has opportunity to defend. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

It has been said that " if possession of the *res* is the foundation of jurisdiction, that possession must be acquired when jurisdiction is assumed." (*Helme* v. *Buckelew*, 229 N. Y. 363, 371.) To the extent that possession of specific property constituting the *res* *is* the foundation of jurisdiction and *is* dependent upon prior seizure of the property, it may well be argued that the

property must be seized when jurisdiction of the action is *first* assumed, so that the defendant may have notice and opportunity to be heard at every step leading to the disposition of his property. That is the defendant's contention in this case. It must fail where possession of specific *res is* not the foundation of jurisdiction.

The *res* which is the subject-matter of "actions which are substantially *in rem* " is not in all cases tangible personal property which can be seized and the foundation of jurisdiction of the court is not always physical possession of the *res*. In matrimonial actions the " *res* " is the marital status of a resident of the State, and to the extent that the purpose of the action is to alter or affect that matrimonial status, the action is a " proceeding substantially *in rem* " where " substituted service by publication or in any other authorized form " is sufficient notice to answer the requirement of " due process " as formulated in *Pennoyer* v. *Neff* (*supra*). Thus even before seizure of any property the courts of New York might assume jurisdiction of the action for separation though the jurisdiction so assumed would not extend to the inclusion of an award of alimony in the judgment of separation. (*Rigney* v. *Rigney*, 127 N. Y. 408.)

A matrimonial action often has a dual aspect. In one aspect it is substantially a proceeding *in rem*, since its purpose is to alter the matrimonial status of the parties; in the other aspect it is a proceeding *in personam*, since its purpose is to compel the defendant to perform his obligation to furnish his wife and children with support. A State has power to provide that the property within the State of a non-resident defendant may be seized and applied to satisfy the defendant's marital obligation to support his wife, just as it may be seized and applied in satisfaction of any other obligation. (*Pennington* v. *Fourth Nat. Bank*, 243 U. S. 269, 272.) In that case the court said: " the only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard." Section 1171-a

of the Civil Practice Act provides for the exercise of that power by the State of New York. In *Matthews* v. *Matthews* (240 N. Y. 28) the court found in that section provisions, implied if not expressed, which met fully these essentials. The only question which remains is whether in the case which we are now considering the parties have properly availed themselves of these provisions.

Pursuant to these provisions, the property of a defendant " *in an action for divorce or separation* " may be seized by proceedings analogous to attachment, where " it appears to the court that the defendant is not within the state, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him." In the opinion by CRANE, J., in *Matthews* v. *Matthews* (*supra*, 32), the court pointed out that the words " in an action " can mean only in an " action already pending or presently begun." In that case the plaintiff had obtained a sequestration order, though no action was then pending, and thereafter the plaintiff, without having served the summons and complaint in the action, and without obtaining an order for service by publication, obtained *ex parte* an order for alimony and counsel fee to be paid out of defendant's property which had been sequestrated. That we held could not be done. The sequestration order, if not made in a pending action, must, the court decided, be followed by publication commenced within the period provided by the Civil Practice Act where an order of attachment has been granted; and the sequestrated property may be applied upon an award for alimony only where such award is made by judgment or by order upon notice which " to be legal and effective must be * * * given personally or in some form recognized by our practice." To illustrate the scope of the section, the opinion points out that after a defendant " has been served by publication and is in default of appearance or pleading, the court can enter judgment and dispose of the sequestered property as it deems best for the interest of the wife and children " (p. 34).

In this case, though the defendant was served personally in California under a valid order of the court, and failed to appear or plead in the action, the judgment which could be granted upon default could not include an effective award of alimony payable out of sequestrated property of the defendant which had not previously been seized. " The right to dispose of it rests upon a prior seizure. Only so does the defendant receive notice that he has rights which should be protected. It must, therefore, appear *before a judgment* is entered purporting to deal with a non-resident's property, that by attachment, by injunction, by sequestration, in some manner, the court has laid hands upon his property within the state." (Italics are mine.) *(Matthews* v. *Matthews* [second appeal], 247 N. Y. 32, 34, per ANDREWS, J.)

The manner in which the court lays hands upon property within the State is regulated by local law. Here there has been compliance with the provisions of section 1171-a of the Civil Practice Act. We may assume that service in California of the order to show cause why the defendant's property should not be sequestrated was entirely ineffective. The statute, however, provides that a sequestration order may be made without any notice and on the first appeal in *Matthews* v. *Matthews* (*supra*), this court held that the Legislature had power to so provide, so long as the moneys could not be removed from the custody of the court except by order or judgment of the court made upon notice. Here seizure of the property though made in a pending matrimonial action after the service of the summons outside of the State was made long before judgment was entered. By service of the summons and complaint the defendant had constructive notice of the pendency of the action for separation. He chose to disregard it, though the court had jurisdiction even then to enter a decree of separation. When thereafter the defendant's property was sequestrated the action became transformed into one where the defendant's

property could be applied in satisfaction of alimony that might be awarded in the action. As was said in *Pennoyer* v. *Neff* (*supra*, p. 727), the law " assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale." In this case there is proof, indeed, that the defendant had *actual* notice that his property had been taken into the custody of the court and that he must look to proceedings authorized by law for the application of the seized property upon the defendant's marital obligation. Again he chose to disregard the notice.

The jurisdiction of the court over the *marital status* of the parties did not depend upon the sequestration or seizure of the defendant's property. It had such jurisdiction before. That jurisdiction did. not, however, extend further to the disposition of any property which might be thereafter seized. That can rest only upon prior seizure. We are not here concerned with the validity of any orders for alimony *pendente lite*. The order which we are reviewing applies only to alimony granted by the judgment. Since the judgment was granted after seizure in this case, and since the defendant had notice that his property was seized and would be applied in satisfaction of any award of alimony made against him, and since the defendant had opportunity to contest the right to seizure of his property and to its application upon any judgment that might be entered, and chose to disregard the notice, he should not be heard to complain that his property has been taken without due process of law. The rule, if there be such rule, that seizure must precede *assumption of jurisdiction by the court in* the action, applies only to assumption of jurisdiction to adjudicate in the action upon rights in the defendant's property. The New York statute in terms permits the making of a sequestration order in a pending action. The Constitution of the State of New York and the Constitution of the

United States are not violated by such provision so long as under the New York statute seizure must precede inquiry or adjudication as to the award of alimony, or the application of property of the defendant to payment of such award so that the defendant may have opportunity to be heard upon that inquiry. The defendant has had such opportunity here.

The order should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.