JOSEPH S. ROBINSON, Appellant, v. MILDRED SCHROEDER ROBINSON, Respondent.— Appeal from an order made at a Special Term of the Supreme Court, Kings county, granting motion for reargument and on reargument reversing order denying and then granting motion to vacate a judgment for a permanent injunction, an order granting motion for temporary injunction and an order for service by publication of the summons and complaint in said injunction proceeding. The injunction sought by plaintiff-husband is to restrain defendant-wife from prosecuting a divorce action or other proceeding affecting the marital status in courts of any jurisdiction other than that of the State of New York. Order affirmed, with ten dollars costs and disbursements. The judgment and orders vacated were nullities as the court lacked power to make them. Process from the courts of this State applicable to proceedings *in personam* cannot run into a foreign jurisdiction. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Matter of Matheson*, 265 N. Y. 81, 87.) The presence of physical property in this State by which jurisdiction thereof is acquired whereby ownership may be ascertained, does not serve to confer jurisdiction *in personam* for the purpose of a proceeding wherein affiliate rights might be adjudicated. (*Ebsary Gypsum Co.* v. *Ruby*, 256 N. Y. 406.) Nor does jurisdiction to adjudicate the marital status arising out of the presence of the marital domicile in this State confer jurisdiction of the person of a non-resident. " Without an appearance, the jurisdiction stops, when it dissolves the marriage, and incidentally disposes of the custody of those children who are within the jurisdiction, without power to decree alimony or even costs." (*Baylies* v. *Baylies*, 196 App. Div. 677, 678.) Without jurisdiction of the person of both parents,

custody of children without the State may not be adjudicated here, nor may an injunction issue restraining, in a matrimonial action, the person of a defendant who has not been served personally within the State. (*May* v. *May*, 233 App. Div. 519.) " Without service of process within the State or voluntary appearance in court or submission to its jurisdiction, no court of a State acquires jurisdiction of the person of a non-resident defendant or can grant a personal judgment enforceable by execution against his person or property." (*Geary* v. *Geary*, 272 N. Y. 390, 398.) Hagarty and Close, JJ., concur; Lazansky, P. J., concurs, with the following memorandum: Conceding that the marital *res* is in the State and, therefore, the court has jurisdiction of the subject-matter, as the defendant is without the jurisdiction, an injunction judgment would be ineffective. (*Ebsary Gypsum Co.* v. *Ruby*, 256 N. Y. 406, 411; *May* v. *May*, 233 App. Div. 519, 521.) Adel, J., with whom Carswell, J., concurs, dissents, with the following memorandum: The complaint in this action alleges, among other things, that the parties are residents and citizens of the State of New York, and were married on March 26, 1936, in that State; that in June, 1937, the defendant temporarily removed to the State of Nevada for the purpose of circumventing the laws of the State of New York, and that the defendant does not intend to stay in Nevada any longer than is necessary to obtain a decree of divorce on grounds not recognized in New York State, and that the legal domicile of the defendant is in New York. It asks that the defendant be restrained from prosecuting the action for divorce in Nevada. On July 3, 1937, an *ex parte* order was granted permitting service of the summons and complaint on the defendant by publication, or, in lieu thereof, personal service outside of the State. On July 10, 1937, the summons and complaint were served personally upon the defendant in Nevada. Simultaneously with the signing of the order permitting substituted service, an order to show cause why an injunction *pendente lite* should not issue was made. That order was likewise personally served on the defendant in Nevada at the time of service of the summons and complaint. When the motion for a temporary injunction was before the court the defendant appeared specially by attorney and contested the jurisdiction of the court. The motion was decided against the defendant, and the defendant was restrained from going forward with the contemplated Nevada action. The defendant thereafter, and on October 6, 1937, filed a notice of appeal from the order granting the temporary injunction, but that appeal has not been prosecuted. Thereafter the defendant moved to set aside the order authorizing substituted service of process, the order to show cause why a temporary injunction should not issue, and the judgment of permanent injunction granted upon the defendant's default, and that motion was granted. The plaintiff appeals from the order made thereon. The remedy of the defendant was by appeal from the order granting the motion for temporary injunction, and the defendant, having elected to prosecute such an appeal by service of a notice of appeal, Special Term was without power to vacate the order from which the appeal is pending. " In matrimonial actions the ' res ' is the marital status of a resident of the State, and to the extent that the purpose of the action is to alter or affect that matrimonial status, the action is a ' proceeding substantially *in rem.*' " (*Geary* v. *Geary*, 272 N. Y. 390.) It is within the competence of the Legislature of New York to provide for service by publication or personal service without the State of process of its courts in an action against its own citizens, and such service, by either method,

is effectual to bind the absent defendant in so far as the object of the action is to preserve or protect the *res* or marital status. (*Gould* v. *Gould*, 201 App. Div. 670; *Haddock* v. *Haddock*, 201 U. S. 562; *Atherton* v. *Atherton*, 181 id. 155.) Enjoining the absent defendant is to be differentiated from requiring him to do an affirmative thing like paying money in the form of alimony, costs or otherwise. An injunction may, therefore, issue to require an absent or fleeing defendant to refrain from doing any act that will disturb or impair the *res* or marital status; and if such injunction be disregarded, it is a contempt, for which punishment may be inflicted, if, as here, the absent or fleeing defendant knew that the injunction had issued. For these reasons the order should be reversed and the motion to vacate the orders and judgment should be denied.