DORA ODIENS, Respondent, *v.* LOUIS ODIENS, Appellant.

First Department, March 12, 1943.

*Laurance A. Kamine,* appearing specially, for appellant.

*George J. Cooper* for respondent.

COHN, J. The action which is for a separation brought in the Supreme Court, Bronx County, was commenced by personal service of a copy of the summons and complaint upon defendant in Pottstown, Pennsylvania, pursuant to section 235 of the Civil Practice Act. With the summons and complaint there was served at the same time and place upon defendant a notice of motion and affidavits for alimony *pendente lite* and counsel fee.

Defendant, who is a resident of the State of Pennsylvania, did not answer the complaint, but appeared specially in the action for the purpose of dismissing it upon jurisdictional

grounds and also for the purpose of opposing the motion for alimony and counsel fee for the same reason. The motion to dismiss the complaint was denied, but from the order entered upon such denial, there is no appeal. The Special Term granted the motion awarding plaintiff temporary alimony and counsel fee, and from the order entered thereon, this appeal has been taken.

It is not disputed that in an action for separation brought against a nonresident who is served outside the State, the court here may not award alimony and counsel fee against defendant where he does not appear generally, in the absence of a seizure of property of defendant in the State. (*Geary* v. *Geary*, 272 N. Y. 390; *Matthews* v. *Matthews*, 247 N. Y. 32; *Robinson* v. *Robinson*, 254 App. Div. 696, affd. 279 N. Y. 582.)

Plaintiff seeks to sustain the order on the theory that defendant opposed the motion for alimony *pendente lite* and counsel fee upon the merits and must, therefore, be deemed to have appeared generally. The record discloses that in opposition to the motion defendant submitted an affidavit in support of his special appearance, setting forth facts which bore upon his claim that the court had no jurisdiction to award alimony and counsel fee because of his domicile outside of the State and the failure to serve process upon him within this State. There are a few sentences in defendant's affidavit which describe the marital relations existing between himself and plaintiff from the time of their marriage to the date of their separation in June, 1942; mention is also made of the fact that he has amply supported his wife and his children. The matters thus set forth are claimed to constitute an attack upon the merits of plaintiff's application sufficient to sustain a finding that defendant appeared generally in the action.

" The general rule in this State is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court." (*Henderson* v. *Henderson*, 247 N. Y. 428, 432.) The application of this rule must necessarily depend upon the facts in each case. Here, we think, there was no attempt on the part of defendant to participate in the action. He did not challenge the motion for alimony and counsel fee upon the merits. Defendant's opposition was based wholly upon want of jurisdiction over his person. The special appearance was limited to an attack on the application solely on jurisdictional grounds. Nor do we believe that, as plaintiff suggests, defendant submitted his person to the jurisdiction of the court by appearing specially

and moving to dismiss the complaint for lack of jurisdiction.

As defendant had not appeared generally in the action, in the circumstances here, the court was without jurisdiction to make the order granting plaintiff's motion for temporary alimony and counsel fee.

The order should be reversed, without costs and the motion denied.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, without costs and the motion denied.