CYRIL DORFMAN, Landlord, v. HOWARD HASSETT, Tenant.

County Court, Broome County, November 21, 1946.

*Travis & Cohn* for tenant.

*Levine, Schwab & Lublin* for landlord.

McAvoy, J. This is an application by the tenant for permission, pursuant to section 112 of the Binghamton City Court Act (L. 1931, ch. 482), to appeal from an intermediate order of the City Court, which denied tenant's motion to dismiss a summary proceeding against him. The tenant appeared specially in the City Court and moved to dismiss such proceeding upon the ground that the court had no jurisdiction to entertain the same, as insufficient notice had been given to legally terminate his tenancy.

The tenant contends that he should be granted permission to appeal from this intermediate order because if he now files an answer in the summary proceeding in City Court or participates therein in any way, he will then be deemed to have appeared

generally and to have waived the right to contest the court's jurisdiction on any appeal from a final order. Tenant cites the cases of *Alexander's Dept. Stores, Inc.*, v. *Ohrbach's, Inc.* (269 App. Div. 321, 326) and *Henderson* v. *Henderson* (247 N. Y. 428, 432) as authority for his position.

However a party can contest a proceeding against him and at the same time preserve his right to attack the trial court's jurisdiction on appeal, without waiving his rights under a special appearance. A careful analysis of the authorities indi-. cates that a party may appear specially and move for a dismissal of the proceeding against him upon the ground that the court lacks jurisdiction of the person. After this motion has been passed upon by the court he does not have to suffer a judgment to be taken against him by default but may contest the matter on the merits. His right to raise the jurisdictional question upon an appeal from the final judgment or order is preserved after the court has ruled on the motion. It is only where a party participates in the proceeding on the merits, *prior* to the court's ruling on his motion that he is deemed to have waived his rights under the special appearance and to have appeared generally. (*Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382, 390; *Jones* v. *Jones*, 108 N. Y. 415, 425; *Heilbrunn* v. *Kellogg*, 253 App. Div. 753; *Legler* v. *Legler*, 244 App. Div. 55; *Matter of Smith* v. *Norton*, 204 App. Div. 248, 249; *Stephens* v. *Molloy*, 50 Misc. 518; *Lazzarone* v. *Oishei*, 2 Misc. 200, 207.)

There is nothing in the *Henderson* case (*supra*) cited in *Alexander's Dept. Stores, Inc.*, v. *Ohrbach's, Inc.* (269 App. Div. 321, 326, *supra*) holding to the contrary.

In the case at bar the City Court has ruled on tenant's motion attacking its jurisdiction. Therefore he can contest the proceeding against him in that court without jeopardizing his right to have the question reviewed on an appeal from the final order. He may incorporate in his notice of appeal his intention to appeal also from the intermediate order (Binghamton City Court Act, § 114).

The motion of tenant for permission to appeal from the intermediate order is therefore denied.