BETTY FELDMAN, Plaintiff, *v.* FRANK FELDMAN, Defendant.

Supreme Court, Special Term, Queens County, April 1, 1947.

*Lawrence T. Gresser, Jr.,* for plaintiff.

*Carroll, Amyot & Doling* for defendant appearing specially.

WENZEL, J. In this action for separation plaintiff wife moves for alimony *pendente lite* and counsel fees.

It appears that on March 8, 1947, this court made an ex parte order sequestering the defendant's property and appointing the plaintiff receiver. The summons, complaint and moving papers on the instant application were served upon the defendant at Las Vegas, Nevada, on March 15, 1947. The plaintiff's papers, among other things, show that nothing has been seized by her nor has anything come into her possession as such receiver.

By reason of the foregoing facts, it is apparent that so far as the instant application is concerned, at least at this time, the only jurisdiction which the court has is jurisdiction in rem as distinguished from jurisdiction in personam. Under these circumstances, the power of the court is limited to the making of an order directing the payment of alimony and counsel fees out of the defendant's property in the receiver's possession. There being no property in the receiver's possession, the application is denied without prejudice.

(On motion for reargument, April 21, 1947.)

This is a motion for reargument of the original motion for alimony and counsel fees.

In this action for a separation in which the complaint charges the defendant husband with cruel and inhuman treatment and abandonment on or about September 2, 1946, the plaintiff obtained an ex parte order sequestering the defendant's property and directing the service of process by publication. Unable to find and seize any of the defendant's property within the State, the plaintiff caused the summons and complaint, verified February 13, 1947, to be served personally upon the defendant on March 15, 1947, in the Nevada Hotel, Las Vegas, Nevada. At the same time, she caused him to be served with the motion papers in an application for temporary alimony for her support and for the support and maintenance of the two infant children of the parties, as well as for counsel fees to enable her " to carry on * * * the action . * * *." (Civ. Prac. Act, § 1169.)

The defendant appeared specially " * * * for the purpose and only for the purpose of contesting the entry of an order directing payment of temporary alimony and counsel fees on the ground that this court has not acquired personal jurisdiction of the defendant * * *.'' It is thus clear that the defendant does not challenge the jurisdiction of this court to alter the matrimonial status of the parties, as prayed for in the summons and complaint personally served upon him. His attack is confined to the in personam aspect of this matrimonial action. (*Geary* v. *Geary,* 272 N. Y. 390, 399.)

In the absence of a nonresident defendant's general appearance or the seizure of his property within the State of New York, this court has no jurisdiction to award temporary alimony and counsel fees. (*Geary* v. *Geary, supra*; *Odiens* v. *Odiens,* 265 App. Div. 641.) If, however, he is a resident or domiciliary of this State, then the service of the summons and verified complaint upon him personally outside the State, pursuant to the provisions of section 235 of the Civil Practice Act (eff. Sept. 1, 1946), vests this court with jurisdiction without his general appearance or the seizure of his property not only to alter the matrimonial status of the parties but also to direct him to pay alimony and counsel fees. (*Milliken* v. *Meyer,* 311 U. S. 457, rehearing denied 312 U. S. 712; *Ellsworth* v. *Ellsworth* (189 Misc. 776.)

According to the plaintiff's papers, the parties were married in Brooklyn, New York, in 1924 and both have continuously resided in the State of New York up to about Labor Day of 1946 when the defendant abandoned the plaintiff and continued to reside in the home of a relative in the village of Nassau, Rensselaer County, New York State. The affidavits of defendant's counsel, sworn to on March 27, 1947, and those of the defendant, sworn to in Newark, New Jersey, on April 4, 1947, claim that he is presently a resident of the State of Nevada, having given up his residence in the State of New York on or about September 2, 1946.

The *bona fides* of the defendant's claimed change of domicile from New York to Nevada cannot be determined upon the present state of the record. The motion for reargument is, therefore, granted and the question of the defendant's domicile referred to an official referee to hear and report. If it be determined that the defendant was a domiciliary of New York at the time he was served with process in Nevada, he may contest the application for temporary alimony and counsel fees, if so advised, on the merits without waiving his right to raise

the jurisdictional question on appeal from the order. (See *Ellsworth* v. *Ellsworth, supra.*) Pending the coming in of the report of the official referee, the decision upon the plaintiff's motion for temporary alimony and counsel fees will be held in abeyance.

Settle order on notice.