MARY C. ELLSWORTH, Plaintiff, *v.* BRADFORD ELLSWORTH, Defendant.

Supreme Court, Special Term, Queens County, April 14, 1947.

*Tucker & Shea* for plaintiff.

*Miles D. Kennedy* for defendant appearing specially.

DALY, J. Plaintiff, in an action for a judicial separation based on the grounds of (1) abandonment by the defendant on or about January 14, 1947; (2) cruel and inhuman treatment, and (3) refusal to provide suitably for her support and maintenance (Civ. Prac. Act, § 1161), moves for temporary alimony and counsel fees (Civ. Prac. Act, § 1169).

The defendant, without challenging this motion upon its merits, has appeared specially "for the purpose of, and only for the purpose of, moving to set aside the service of the summons and complaint herein ", upon him, upon the ground that he " is not a resident of the State of New York but is a resident of the State of Indiana * * *."

According to the verified complaint and the sworn affidavit of the plaintiff, the parties were married in the borough of Manhattan, city and State of New York, on January 14, 1927, and at the time of the commencement of this action and for more than five years last past they have been and now are residents of the State of New York, the plaintiff residing in the county of Queens thereof. It is, therefore, clear, at least at this stage of the proceedings, that the plaintiff has met the conditions attached to the maintenance of her action required by the provisions of section 1165-a of the Civil Practice Act, which read as follows:

" *Conditions attached to maintenance of action for annulment or separation.* An action to annul a marriage or for separation may be maintained in either of the following cases:

" 1. Where both parties are residents of the state when the action is commenced.

"2. Where the parties were married within the state and either the plaintiff or the defendant is a resident thereof when the action is commenced.

"3. Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action."

Having met the conditions for the maintenance of her action prescribed by New York practice, the plaintiff is entitled, if she has complied with the prerequisites of procedural due process, to maintain this suit to alter the marital status of the parties whether the defendant is a domiciliary of the State of New York but absent therefrom or is a genuine resident or domiciliary of the State of Indiana (*Williams* v. *North Carolina,* 317 U. S. 287, Note, 143 A. L. R. 1294; see, also, *Williams* v. *North Carolina,* 325 U. S. 226, Note, 157 A. L. R. 1399).

It has been held that a matrimonial action has a dual aspect: "In one aspect it is substantially a proceeding *in rem,* since its purpose is to alter the matrimonial status of the parties; in the other aspect it is a proceeding *in personam,* since its purpose is to compel the defendant to perform his obligation to furnish his wife and children with support." (*Geary* v. *Geary,* 272 N. Y. 390, 399.)

In its first, or in rem, aspect, jurisdiction of the court does not depend upon the seizure of a nonresident defendant's property within the State. (*Matthews* v. *Matthews,* 247 N. Y. 32, 34.) In its second, or in personam, aspect, jurisdiction of the court to require a nonresident defendant to pay alimony and counsel fees depends, where he has not appeared generally, upon the seizure of his property within the State. (*Geary* v. *Geary, supra; Odiens* v. *Odiens,* 265 App. Div. 641.) Where the defendant *is a resident* of New York, but is personally served with process elsewhere, the courts of New York have jurisdiction in *both* aspects of a matrimonial action, without his general appearance or the seizure of his property. (*Milliken* v. *Meyer,* 311 U. S. 457, rehearing denied 312 U. S. 712.)

In the *Milliken* case (*supra*) a suit for an accounting and for the recovery of profits was commenced in a Wyoming State court and the defendant was personally served with process in the State of Colorado, pursuant to a Wyoming statute which permitted such service. (Wyoming Comp. Stat., 1920, §§ 5636, 5641.) The defendant defaulted and the court entered a judgment against him in personam for the profits which Meyer had withheld from Milliken, together with interest thereon. Several

years later Meyer sued Milliken in the Colorado State courts to enjoin the enforcement of the Wyoming judgment and for a declaration that said judgment was a nullity for want of jurisdiction. It was claimed that at the time of the commencement of the Wyoming suit, Meyer was a resident of Colorado and that the service of process upon him, in that State as permitted by the statutes of Wyoming, did not give the Wyoming courts jurisdiction of his person or property. Milliken's answer alleged that Meyer was a resident of Wyoming at the time that the suit in its courts was instituted, and that hence such judgment was entitled to full faith and credit under the Federal Constitution. On the issues thus joined, the Colorado court found that Meyer was domiciled in Wyoming when the suit in its courts was commenced; that the Wyoming statutes, pursuant to which service of process was made, were constitutional and that the service of process was made substantially in conformity with such statutes. The Supreme Court of Colorado reversed this determination. The United States Supreme Court on certiorari unanimously reversed the Colorado Supreme Court and held that a judgment in personam rendered in the State of the defendant's domicile is valid against him and entitled, in a sister State, to full faith and credit under the Federal Constitution, where he is personally served in another State pursuant to statutes of the State in which judgment was rendered which provide a reasonable method for apprising the absent party of the proceedings against him. Said the court (pp. 462–463) : " Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service. Substituted service in such cases has been quite uniformly upheld where the absent defendant was served at his usual place of abode in the State (*Huntley* v. *Baker*, 33 Hun 578; *Hurlbut* v. *Thomas*, 55 Conn. 181; 10 A. 556; *Harryman* v. *Roberts*, 52 Md. 64) as well as where he was personally served without the state. *In re Hendrickson*, 40 S. D. 211; 167 N. W. 172. That such substituted service may be wholly adequate to meet the requirements of due process was recognized by this Court in *McDonald* v. *Mabee*, 243 U. S. 90, despite earlier intimations to the contrary. See *Pennoyer* v. *Neff*, 95 U. S. 714, 733; Burdick, Service as a Requirement of Due Process in Actions In Personam, 20 Mich. L. Rev. 422. Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.

If it is, the traditional notions of fair play and substantial justice (*McDonald* v. *Mabee, supra*) implicit in due process are satisfied."

On September 1, 1946, chapter 144 of the Laws of 1946, which revised the New York statutes governing the service of process by publication, became effective. This revision was made upon the recommendation of the Judicial Council and was based upon a study which was made by Professor Louis Prashker of the St. John's University School of Law, whose comprehensive article on the revision was recently published in the St. John's Law Review (Vol. 21, Nov., 1946, pp. 12–47 inclusive).

The most important change was made in section 235 of the Civil Practice Act, which now reads as follows: "*Personal service without the state without order.* Where the defendant is a resident of the state and the complaint demands judgment for a sum of money only, and in any case specified in section two hundred thirty-two of this act, the summons may be served without an order, upon a defendant without the state in the same manner as if such service were made within the state, except that a copy of the verified complaint must be annexed to and served with the summons, and that such service must be made by a person or officer authorized under section two hundred thirty-three of this act to make service without the state in lieu of publication. Proof of service without the state without an order shall be filed within sixty days after such service. Service without the state without an order is complete ten days after proof thereof is filed."

Under this section the necessity for procuring an order for the service of process upon an absent defendant, who is a domiciliary of New York has been dispensed with in actions for a sum of money only and in other types of actions defined in the first and second subdivisions of section 232 of the Civil Practice Act, which includes matrimonial actions. All that is now necessary is (1) that the defendant be *personally* served with a summons and *verified* complaint without the State in the same manner as service upon him might be made within the State; and (2) that he be served by a person or officer authorized to make such service by the provisions of section 233 of the Civil Practice Act. Proof of such service is required to be filed with the clerk within sixty days after it has been effected, and service is complete within ten days after such proof has been filed.

In this court's opinion, compliance with the foregoing provisions affords an absent resident of this State an early and

ample apprisal of the commencement of an action against him. The statute adequately meets the requirements of judicial due process prerequisite to the rendition of a judgment in personam (*Griffin* v. *Griffin*, 327 U. S. 220; *Milliken* v. *Meyer*, 311 U. S. 457, *supra*); it applies to a matrimonial action, both in its in rem and in its in personam aspects, and includes the temporary allowance of alimony and counsel fees embodied as a legislative declaration of public policy in the provisions of section 1169 of the Civil Practice Act (*Haas* v. *Haas*, 271 App. Div. 107).

It appears that copies of the summons and verified complaint herein, as well as the motion papers for temporary alimony and counsel fees, were personally served upon the defendant in the city of Indianapolis, Indiana, on March 26, 1947, by an attorney-at-law of the State of Indiana, and that proof of service of process was duly filed with the clerk of this court on March 29, 1947. Thus the provisions of sections 233 and 235 of the Civil Practice Act have been fully complied with. The service of process was complete on April 8, 1947 — ten days after proof thereof had been filed with the clerk of this court on March 29, 1947.

Jurisdiction under section 235 of the Civil Practice Act depends upon the determination of the issue of the *bona fides* of the defendant's claimed domicile in the State of Indiana. If he is genuinely domiciled in that State, then this court will have no jurisdiction. If, on the other hand, he is found to be a domiciliary of this State, but presently absent therefrom, then this court will have jurisdiction. That issue cannot be determined upon the present state of the record, and the so-called proof submitted to the court by means of the letter dated April 11, 1947, is wholly insufficient. The question of domicile is, therefore, referred to an official referee to hear and determine in a decision containing findings of fact and conclusions of law. If the issue thus referred be determined adversely to the defendant, he may, if so advised, contest the application for temporary alimony and counsel fees on the merits and still preserve his right to attack the jurisdictional question on appeal (*Heilbrunn* v. *Kellogg*, 253 App. Div. 753, affd. 279 N. Y. 773; *Dorfman* v. *Hassett*, 187 Misc. 1048).

In the meantime, and pending the filing of the decision by the official referee, the decision on the defendant's motion to set aside the service of process, and on the plaintiff's motion for temporary alimony and counsel fees will be held in abeyance by this court.

Settle order on notice.