Cohn, J.
The action for separation was commenced by service of the summons by publication pursuant to section 232 of the Civil Practice Act. According to the affidavit submitted by plaintiff in support of the order for publication, defendant was a nonresident. Defendant did not appear in the action. A judgment of separation was entered on April 11, 1946, directing defendant to pay plaintiff $60 per week for her support and maintenance and costs of $172.65. Thereafter defendant appeared specially and moved to modify the judgment by striking the provisions for alimony and costs on the ground that the court was without jurisdiction to enter judgment in personam. Prom the order denying the motion this appeal has been taken.
In an action for separation against a nonresident defendant who is served by publication, though the court may render a default judgment effectively dissolving the marital status, it may not award alimony or a money judgment against a defendant where he does not appear generally, in the absence of a prior seizure of his property in this State. (Geary v. Geary, 272 N. Y. 390, 399; Matthews v. Matthews, 247 N. Y. 32, 34; Jackson v. Jackson, 290 N. Y. 512; Odiens v. Odiens, 265 App. Div. 641; Robinson v. Robinson, 254 App. Div. 696, affd. 279 N. Y. 582.) The absent defendant may accept the status decreed without binding himself to pay money so adjudged. (Baylies v. Baylies, 196 App. Div. 677, 678.)
As the court which entered the final judgment had no jurisdiction of defendant’s person, there was no authority to enter a judgment directing payment of alimony and costs. The order should, accordingly, be reversed, without costs and the motion for an order striking provisions directing payment of alimony and costs from the judgment of separation entered on April 11,1946, should be granted.
Peck, P. J., Glennon, Dose and Callahan, JJ., concur.
Order unanimously reversed, without costs and the motion for an order striking provisions directing payment of alimony and costs from the judgment of separation entered on April 11, 1946, granted. Settle order on notice.