### (October 26, 1948.)

KATHERINE D. CARNEGIE, Appellant, v. THOMAS M. CARNEGIE, JR., Respondent.— The order appealed from is modified by striking out the provision for. the appointment of the private referee and remitting the cause to Special Term to take proof before the court, defendant appearing specially, on the issue of defendant's residence at the time of service. If the court determines that defendant was a resident of the State at the time of service, the issue regarding the amount of alimony shall also be determined by Special Term on the merits after a hearing at which both parties will be afforded the opportunity to be present. The motion to confirm the report of the official referee should be held in abeyance pending determination by Special Term of the issues remitted to Special Term. Shientag, J., concurs in result as follows:. I concur in the result only because defendant has not raised the question of the jurisdiction of the court under section 235 of the Civil Practice Act to award a judgment in personam for alimony against a resident of this State, served outside the State. (See Eleventh Annual Report of N. Y. Judicial Council, p. 198; Twelfth Annual Report of N. Y. Judicial Council, p. 58; Jurisdiction — Personal Service Outside State on Resident, 23 N. Y. U. L. Q. Rev. 340.) Settle order on one day's notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.

### (October 27, 1948.)

CAPE PRODUCE COMPANY (PROPRIETARY) LIMITED v. HOLT, RENFREW & Co. LIMITED.— Motion for leave to appeal to the Court of Appeals or for reargument and a stay denied, with $10 costs. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ. [See *ante*, p. 873.]

### SECOND DEPARTMENT, OCTOBER, 1948.
### (October 4, 1948.)

MARGARET V. BAILEY et al., Respondents, v. ISIDORE LIPSHUTZ et al., Individually and as Copartners Doing Business under the Name of LIPSHUTZ & GUTWIRTH, Appellants. — In an action to recover damages for personal injuries suffered by plaintiff wife when she fell into a window well because of the collapse of an iron grating which covered it, and by her husband for expenses and loss of services, judgment for plaintiffs, entered on the verdict of a jury, reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the verdict are affirmed. The injured plaintiff was at most a bare licensee at the place where she fell. Under the circumstances, plaintiffs failed to establish actionable negligence on the part of defendants. (*Gillen* v. *Home Owners' Loan Corp.*, 287 N. Y. 781; *Higgins* v. *Mason*, 255 N. Y. 104, 109; *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79.) Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur. [See *post*, p. 942.]