NATALIE J. SCHILLER, Plaintiff, v. JOSEPH A. SCHILLER, Defendant.

Supreme Court, Special Term, Nassau County, January 7, 1949.

*Edward Marks* for plaintiff.

*Nathaniel Chaloney* for defendant appearing specially.

HALLINAN, J. A judgment of separation was entered in the plaintiff's favor against the defendant on May 12, 1947. Plaintiff now moves pursuant to section 1171-b of the Civil Practice Act, for leave to enter a money judgment for the arrears of alimony, which the judgment of separation directed the defendant to pay. The latter, appearing specially, not only attacks the judgment of separation as a whole, upon jurisdictional grounds, but challenges the provision therein for the payment of alimony, contending that he was a nonresident at the time of the service of process upon him outside the State, and that since his property in this State has not been seized, and he has not appeared or answered the complaint, this court was without jurisdiction to grant alimony. There is no question that that would be the case if he were in fact a nonresident (*Geary* v. *Geary*, 272 N. Y. 390, 398; *Odiens* v. *Odiens*, 265 App. Div. 641). The plaintiff claims, however, that the defendant was a resident

of the State of New York at the time of service of process upon him, and that he was served pursuant to the provisions of section 235 of the Civil Practice Act, when he was temporarily absent from the State.

It has been held that where a husband, who is sued in a matrimonial action, is served with process outside of the State, pursuant to the provisions of section 235 of the Civil Practice Act, he may be directed to pay alimony, if it be determined that he was a resident of the State at the time of service (*Carnegie* v. *Carnegie*, 274 App. Div. 887; *Ellsworth* v. *Ellsworth*, 189 Misc. 776, 781, DALY, J.; *Feldman* v. *Feldman*, 189 Misc. 564, 567, WENZEL, J.). Inasmuch as the objection to the jurisdiction of the court may be raised at any time (*MacAffer* v. *Boston & Maine R. R.* 268 N. Y. 400, 404), defendant's objection to the jurisdiction of this court to grant alimony may, under the circumstances here presented, now be heard.

The issue of the defendant's residence, however, cannot be determined upon affidavits, and, accordingly, the court will refer the question as to whether defendant was a resident of the State at the time of service of process upon him, to an official referee to hear testimony and report. On the coming in of said report, the court will determine both motions and all the incidental questions therein presented.

Settle order on notice.