Louis L. Friedman, J.
This is a motion for an order, pursuant to section 61-b of the General Corporation Law, directing the plaintiff to furnish security in the amount of $25,000 for the reasonable expenses, including attorneys’ fees, which may be incurred by the corporate defendant in this action, and for a stay pending the furnishing of such security.
The corporate defendant is one Glen Alden Corporation, which has not appeared generally in this action, but has appeared specially through motion, to vacate, quash and set aside the attempted service upon it of process herein. The ground of the special appearance is that said corporation is a foreign entity, not doing business in this State.
The action itself is a stockholders’ derivative one. Asserting that it does not do business in this State and is therefore not subject to the jurisdiction of this court, the said Glen Alden Corporation has attacked the process served upon it and thexdetermination of that motion has not yet been made. This court had before it the said motion to vacate service, and because of the conflicting claims made thereupon, a referee has been appointed to take proof and report relative to the corporate defendant’s business and activities in this State, and decision *281 upon the motion to vacate has been held in abeyance pending the receipt of the report of said referee.
It is the plaintiff’s contention that the corporate defendant may not seek the posting of security under section 61-b of the General Corporation Law until such defendant appears generally in the action.
Defendant, on the other hand, contends that it is still obliged to incur counsel fees even in connection with its special appearance and that therefore said defendant may secure the relief contemplated by section 61-b of the General Corporation Law.
Section 61-b sets forth the cases in which security may be required. It then goes on to provide that “ the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action
There seems to be no question that the plaintiff does not own either 5% of the outstanding shares of stock or stock which has a value in excess of $50,000, and that the plaintiff is one of those who ordinarily in an action of this kind would be required to post security in an amount fixed by the court. Here, however, the corporate defendant contends that no action is pending and if its contention in that regard is true, then the case is not one which falls within the language of section 61-b, which provides for security to be furnished only “ in connection with such action.” Here, defendant has refused to appear generally and submit to the jurisdiction of this court. The effect of such special appearance permits this corporate defendant to litigate the question of jurisdiction over its person and to preserve its exceptions to a ruling adverse to it on such question, without becoming a participant in the action to the extent that it submits itself to the jurisdiction of the court over its person. (Odiens v. Odiens, 265 App. Div. 641; Muslusky v. Lehigh Valley Coal Co., 225 N. Y. 584.) In the latter case the court said at page 587: “A summons is served in order to bring the defendant under the authority of the court. Until jurisdiction has thus been obtained, no binding judgment can be entered. (Davis v. Cleveland, C., C. & St. L. Ry. Co., 217 U. S. 157; Big Vein Coal Co. v. Read, 229 U. S. 31.) When the summons has been served on a defendant who does not intend to submit himself to the jurisdiction of the court over his person, he may elect to remain out of court but he need not wait until the entry of judgment against him by default. He may appear specially. (Goldey v. Morning News, 156 U. S. 518; Reed v. Chilson, 142 N. Y. 152.) *282 The special appearance is recognized only for the purpose of raising the question whether the court has obtained jurisdiction over the defendant personally or through his property.”
Section 237-a of the Civil Practice Act permits the defendant to interpose a special appearance as has been done in this matter and until such time as that special appearance has been disposed of, the question now before the court must be held in abeyance. Under the provisions of section 237-a of the Civil Practice Act, the only action which may be taken by the corporate defendant on a special appearance is to challenge the jurisdiction of the court over its person. Since up to the present time defendant has not subjected itself to the jurisdiction of this court and no action is pending, the corporate defendant is not entitled to avail itself of the benefits of section 61-b of the General Corporation Law. In the light of the foregoing, a determination upon the defendant’s motion for the posting of security, will be held in abeyance pending the receipt of the referee’s report and the determination of the present pending motion to vacate the service of process.
Submit order in accordance with the above.