Charles Margett, J.
On May 16,1951, a judgment annulling the marriage between the parties to this action was entered after inquest. Therein defendant was directed to pay the sum of $15 per week for the support of the child of the parties. Plaintiff now moves, pursuant to section 1171-b of the Civil Practice Act, for leave to docket a money judgment for the arrears of support which accrued for 396 weeks between May 18, 1951, and December 26, 1958.
Defendant, appearing specially, resists the motion upon the ground that at the time of the original service of process he was not a domiciliary of the State of New York, and, therefore, this court did not acquire jurisdiction to grant in personam relief against him based upon service of process in the State of Pennsylvania.
Inasmuch as the original process in this action was not served upon the defendant within this State, and there was no prior seizure of his property therein, and he neither appeared nor participated on the merits of the action, the court had no juris *305 diction to direct Mm to pay for the support of the child (Geary v. Geary, 272 N. Y. 390, 399; Reschofsky v. Reschofsky, 272 App. Div. 694, 695 and the authorities cited), unless at the time of the service of process outside of this State the defendant was in fact a domiciliary of this State. (Carnegie v. Carnegie, 274 App. Div. 887; Ellsworth v. Ellsworth, 189 Misc. 776.) If not at that time a domiciliary of this State, the defendant may accept the matrimonial status decreed in the judgment without binding himself to pay the money which he has been directed to pay. (Baylies v. Baylies, 196 App. Div. 677.) He may resist the enforcement of such payment, as did the defendant herein, without being deemed to have appeared in the action. (Weiss v. Weiss, 227 App. Div. 757.)
It appears without contradiction that the defendant in this case was born in Pennsylvania and lived there continuously until on or about July 25, 1942, when he volunteered for service in the United States Navy. While stationed at the Navy Receiving Barracks in Brooklyn, New York, defendant married the plaintiff in June, 1944, who, however, continued to live with her parents in Brooklyn, New York. Upon his discharge in December, 1944, defendant returned to Pennsylvania, where his mother, seven brothers and sisters and other relatives lived. He claims that the plaintiff refused to accompany him to that State. Since October, 1945 it is undenied that the defendant never left Pennsylvania where he has lived, worked, voted, paid taxes and received a State bonus for war veterans in or about 1946.
It is clear, therefore, from all of the foregoing that when the defendant was served with process in this action in Philadelphia, Pennsylvania, on or about February 10, 1951, he was domiciled in that State rather than in the State of New York. Consequently, the personal service of process in that State did not, in the circumstances here, empower this court to enter a personal judgment against him directing the payment of support. That provision in the judgment is, therefore, void and unenforeible. (Weiss v. Weiss, supra.)
Plaintiff’s motion is, accordingly, denied. This disposition, of course, is without prejudice to the plaintiff invoking other remedies if she be so advised to obtain support for the infant child of the parties born on July 22, 1945.
Submit order.