Per Curiam.

The Family Court has been established as part of the Unified Court System and, quite unlike its predecessor courts, i.e., the Family Court Division of the Domestic Eelations Court of the City of New York (N. Y. City Dom. Rel. Ct. Act, *943 §91) and the Children’s Court (Children’s Court Act, § 3), both courts of local jurisdiction, it is a court of State-wide process. Consequently, section 421 of the Family Court Act is no more than what it purports to be — a venue provision for actions commenced in the Family Court. As with other venue provisions, the requirements are in no sense jurisdictional (see CPLR 509).
Nevertheless, the Family Court did lack a jurisdictional basis to fix maintenance and support payments for both the wife and infant issue residing in the State. Since the action is not one to alter or affect the marital status of the parties (CPLR 103), the court’s jurisdiction to order maintenance and support payments on behalf of the estranged spouse depends upon seizure of the nonresident defendant’s property prior to the commencement of the action. And, in its absence, the proceeding must fail (Geary v. Geary, 272 N. Y. 390, 398, citing Helme v. Buchelew, 229 N. Y. 363, 371; Matthews v. Matthews, 247 N. Y. 32, 34).
So too, though the presence of the child in the State provides a jurisdictional basis for the custody award, the right to apply a nonresident defendant’s property in satisfaction of the support obligation is dependent, even once jurisdiction is fixed, upon its seizure at some time prior to final judgment (Geary v. Geary, 272 N. Y. 390, 399, supra; Matthews v. Matthews, 247 N. Y. 32, 34—35, supra). In this case, since nothing was done prior to judgment, the court could not interfere with the property of a nonresident defendant.
The order appealed from, therefore, should be modified to the extent of reinstating the petition insofar as it seeks custody of the infant child presently within the State and, as so modified, affirmed. The motion made upon the oral argument to strike the transcript of the Venezuelan divorce proceedings should be granted on the ground that the record of those proceedings is not germane to the issues presented on this appeal.
Judges Burke, Sctleppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Chief Judge Fuld taking no part.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.