ELMORE S. MURTHEY, Respondent, v. ELIZABETH A. MURTHEY, Appellant, and NATIONAL CITY BANK OF NEW ROCHELLE, Defendant. ELIZABETH A. MURTHEY, Appellant, v. ELMORE S. MURTHEY, Respondent.— In a consolidated action, judgment declaring illegal and void the separation agreement, as amended, entered into between the parties, and dismissing on the merits appellant's cause of action (deemed a counterclaim) for instalments due under the separation agreement, as amended, and order granting consolidation of the actions affirmed, without costs. No opinion. Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs for affirmance of order but as to the judgment he dissents and votes

to reverse and to grant a new trial on the ground (1) that the determinations on the facts were against the weight of the evidence; and on the further ground (2) that it was error to refuse to charge, as requested by appellant, on the failure of respondent to call as a witness the attorney who represented him in the transaction which is the subject of the litigation, but did not participate in the alleged illegal part thereof, with the following memorandum: In view of the relationship between attorney and client, the confidences of which continue, the sharp controversy on a most serious issue, and that respondent was his sole witness in respect thereof, the requested charge should have been made. Out of a maze of opinions and texts, the following in this State justify the request: *People v. Hovey* (92 N. Y. 554, 560); *Milliman v. Rochester R. Co.* (3 App. Div. 109, 111); *Carpenter v. Pennsylvania R. R. Co.* (13 id. 328, 330); *Cushman v. DeMallie* (46 id. 379, 381); *Kirkpatrick v. Allemannia Fire Ins. Co.* (102 id. 327, 329; affd., 184 N. Y. 546); *Group v. Szenher* (260 App. Div. 308, 309); *People ex rel. Woronoff v. Mallon* (222 N. Y. 456, 465); *Galbraith v. Busch* (267 id. 230, 233; dissenting opinion of Crane, Ch. J., at pp. 236, 237). To the same effect are *Gordon v. People* (33 N. Y. 501, 508); *Sugarman v. Brengel* (68 App. Div. 377, 380); *Ferrari v. Interurban Street R. Co.* (118 id. 155, 159). *Reehil v. Fraas* (129 id. 563; see foot p. 565); *Perlman v. Shanck* (192 id. 179; see top p. 185), and *Milio v. Railway Motor Trucking Co.* (257 id. 640) are not to the contrary. In some of the foregoing cases *Schwier v. N. Y. C. & H. R. R. Co.* (90 N. Y. 558) is cited, but its cryptic rule at page 564 is really not followed. It was a negligence action involving the inferences to be drawn when a defendant failed to call its only witness of an incident in issue. It is doubtful, indeed, whether it would be followed today. (*Galbraith v. Busch, supra*, at p. 233.) Hagarty, J., concurs for affirmance of the order; and also concurs with Lazansky, P. J., for reversal of the judgment and to grant a new trial on the ground first stated.