OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Common Pleas Court reversing a judgment of the Municipal Court of the City of Columbus in favor of plaintiffs. The judgment in the Municipal Court was entered upon the pleadings.
The petition was predicated upon a written contract between the defendant and her husband, Beverly W. Pearce, by the terms of •which it was agreed that if a divorce should be granted Emma I. *435 Pearce in her action against her .husband, Beverly W. Pearce, which •action was pending at the time of the execution of the agreement, •the husband, Beverly W. Pearce, should pay Emma I. Pearce the sum of $5,000.00 and “the additional sum of $500,000”, applicable to attorneys’ fees owing by said Emma I. Pearce to the plaintiffs in the present action. It is further averred that defendant, Emma I. Pearce agreed with the plaintiffs tc pay to them in addition to a retainer paid by her to them at the time of the institution of the divorce action, the additional sum of $500.00 as compensation to them for their services. Plaintiffs allege the institution of the divorce action, numerous conferences with the plaintiff and with counsel for Beverly W. Pearce and aver that they have fully performed all of the things agreed by them to be done in pursuance of their employment and were, at all times, ready, willing, and able to fully perform their part of said agreement and so informed the defendant, but without their knowledge the defendant dismissed her divorce petition in the Common Pleas Court and upon request refused to pay the $500.00 which they assert is due with interest.
The answer, after admitting the employment by the defendant of the plaintiffs to prosecute her divorce and alimony - action, the institution o-f the suit, and that certain other steps were taken in the divorce proceedings, admits that she dismissed her petition and refused to pay plaintiffs any sum further than the retainer of $100.00. Further answering, she denies generally each allegation in the petition not therefore specifically admitted to be true. Further answering, defendant says that when she employed plaintiffs to file her action for divorce and alimony, she paid them the sum of $100.00; that they then agreed that she would be under no further obligation to pay them any; sum and that any additional compensation which they might receive would be secured by order of court. Defendant further avers that the contract set up in the petition was entered into between, her husband and herself after the institution of her divorce suit, and' provided that the payments to be; made to her were to be paid upon, the entry of the decree of divorce;that no such entry has been made and denies that there is anything, due the plaintiffs.
The reply denies that they agreed with defendant that she would be under no obligations to them in addition to the $100.00 paid and denies that there was any agreement that any additional sum would be secured by them by court order. The plaintiffs further allege that the failure of the defendant in the divorce case to make the payments provided under his contract with his wife was prevented by the dismissal of the divorce action by the wife, defendant in this action.
Upon the issues thus joined, the Municipal Court judge directed a verdict on behalf of the plaintiffs for the amount prayed, being the sum fixed as attorney fees under the terms of the written contract between the Pearces. It was this judgment which was reversed by the Common Pleas Court.
It is the claim of the plaintiffs here that the contract between the Pearces was the contract of two parties for the benefit of -a third, namely, the plaintiffs; that upon the principle of law that where one party renounces, repudiates, or makes impossible the performance of a contract, he can not avoid his liability, and the *436 measure' of damages is the amount fixed in the contract. Supporting this last proposition is cited Suter v Fertilizer Co., 14 Oh St 11; Roberts v Montgomery, 15 Oh St 503; Bruner Agency Co. v Smith, 25 Oh Ap 30. The defendants insist that the contract is not enforceable as its terms are against public policy.
We have examined the cases cited,. heretofore set out, and particularly Roberts v Montgomery, supra, and recognize that the principle there announced is sound. In this case one of the defendants had employed the plaintiffs, attorneys at law, to institute a suit or effect a settlement for damages on behalf of the contracting client and by the terms of the written contract of employment the attorneys were to receive a stated share of whatever amount was received by the client in case of trial or settlement. After the original attorneys had done all the preliminary work incident to filing the action, prepared the petition and turned it over to the client for her signature, she engaged another lawyer, made settlement with the company which she claimed had injured her, and refused to pay her original counsel under their contract. Counsel instituted action against her for the amount which they were to receive under their contract if settlement was made by their client, and the Court charged the jury that counsel were entitled to the full amount of their fees as set out in the contract and were not remanded to their action on quantum meruit. It was not, nor could it have been claimed that there was any infirmity in the contract. The original contracting attorneys were the plaintiffs and the defaulting client, the other party to the contract, was one of the defendants. The share claimed to be due the contracting attorneys was in court. The client’s liability under the contract was by its very terms fixed. The amount claimed was not only due because of the failure of the client to perform, but because there was a settlement upon which there had been full payment. In the instant case no money had been received by the wife under the contract and no condition of the contract had been observed by either party.
Had the husband and wife carried the divorce suit to a culmination and a decree had been granted to the wife, it may be that there would have been no invalidity in the contract whereby the attorneys were to be compensated in the sum of $500,000, which sum the husband had agreed to pay to the wife for that purpose. Certainly such provision could have been carried into the decree upon the approval of the court. However, if the law creates a liability against the defendant by reason of the fact that she repudiates her contract by dismissing her divorce petition, such determination will penalize her for failure to attempt to secure a divorce. This obligation to perform or suffer the penalty has the effect of inducing her to procure a divorce which is obnoxious to the law and against public policy. It is true that the agreement contemplated was an alimony settlement only, if divorce be granted, but the payment of the sum representative of counsel fees was to be due only if and when the wife secured a divorce. Upon the pleadings there is no claim that she received any money whatever from her husband, and of course she was entitled to none under the contract, and, apparently, the result of the dismissal of her divorce petition was to maintain her marital status which is desirable and favored by the law.
Counsel for appellant concedes *437 that “a contract between an attorney and client, the object of which is a procurement of divorce and providing that the attorney is to receive a percentage of the alimony secured is against public policy and void.” Plaintiffs cannot do by indirection that which they could not do by contract in their own names. The only contingency upon which the attorneys would have been paid had the contract been performed would have been the granting of a divorce to the wife, their client.
We are cited to Borst v Borst, 20 Abs 184, a decision by this court, opinion by Judge Barnes, which holds that husband and wife are .authorized to agree to immediate separation and make provision for the support of either and their children during separation, which the court may confirm, if reasonable, and after so finding may be ■carried into the decree.
Neither the attorneys nor their client, the wife, could have any standing by virtue of the contract here relied upon, in any court other than the one in which the divorce action was pending when ■and if that court granted a decree to the wife. See Brown v Brown, (Cal.) 47 Pac. (2d) 352; Newman v Freitas, (Cal.) 61 P. 907.
We have examined a number of authorities upon the public policy aspect of the contract here sued upon, some of which we cite, without comment. 17 C. J. S. 616; 6 R. •C. L., p. 773, §178, and the cases there cited under Note 6.
In McMahan v McMahan, (Cal) 190, 458, at 459 the presiding judge writing the opinion said:
“The Courts of this state have consistently recognized and upheld the broad discretionary power vested in the trial judges by the ■above section of the Code (referring to the statute authorizing the court, in its discretion, during the pendency of a divorce suit, to compel the husband to pay the wife any money necessary to prosecute or defend the cause).
“In refusing to sanction an agreement between an attorney and a plaintiff in a divorce action for a contingent fee, the Supreme Court pointed out that in such cases ‘the law has taken care that the wife shall not be without assistance in proper cases either to prosecute or defend such actions’.
“The reason or necessity therefor does not exist in such cases as in the others for allowing contingent attorney’s fees, and where the reason ceases the rule or law also ceases.” Citing, Newman v Freitas, (Cal.) 61 p. 907.
Because of the high ethical standing of the plaintiffs, attorneys, we know there was no collusive purpose in the preparation and consummation of the agreement between the husband and wife, and, no doubt, the contract; was entered into in good faith and with the belief of all parties, including the attorneys, that the divorce case would progress to judgment and that, if necessary, the agreement would be submitted to and acted upon by the trial judge. However, the conditions which brought the operative provisions of the contract into effect did not arise. To enforce it against the wife and in favor of the plaintiffs, in our judgment, would, as we have said before, be promotive of divorce for the reason that the only means of defeating the wife’s liability would be for her to proceed with her action and attempt to secure a divorce. This is offensive to the rule that contracts against public policy may not be enforced.
We are satisfied that if plain *438 tiffs are entitled to recover from the defendant in any sum it is upon quantum meruit. Final judgment will be entered in this court for defendant for costs and the petition dismissed unless upon application for rehearing- plaintiffs desire to present the question of their right to amend their petition in Municipal Court a,nd to set up their claim as upon quantum meruit, in which event we will hear them and pass upon their right to amend.
GEIGER, PJ., & BARNES, J., concur.