FREDERICK E. LANE, Plaintiff, *v.* MINNA LANE, Defendant.

Supreme Court, Special Term, New York County, January 16, 1947.

*Arnold A. Jaffe* for plaintiff.

*Samuel J. Siegel* for defendant.

EDER, J. Defendant and Jack Braunstein were married on November 30, 1926. She instituted an action against him for divorce in the Second Judicial District Court, Washoe County, State of Nevada, in which he entered an appearance. She was thereafter awarded a final decree of divorce; the decree is dated January 29, 1940. Thereafter and on September 15, 1940, plaintiff and defendant were married.

The evidence discloses that plaintiff herein knew the defendant contemplated leaving for Nevada for the purpose of obtaining a divorce and knew of the action for divorce which she brought.

Plaintiff herein sues to annul his marriage to the defendant upon the ground that at the time of said marriage her prior marriage to Braunstein had not been duly annulled or dissolved and was then in full force and effect.

The premise upon which the plaintiff proceeds is that the defendant herein was not a bona fide resident of Nevada and that the said District Court was without jurisdiction to grant the defendant a decree of divorce.

The leading Nevada cases on the subject are *Latterner* v. *Latterner* (51 Nev. 285), *Lamb* v. *Lamb* (57 Nev. 421) and *Harris* v. *Harris* (62 Nev. 473, 476). In those cases there was appearance and answer by the defendant; in each case the point was raised that the District Court was without jurisdiction to award a decree of divorce because the plaintiff was not a bona fide resident of Nevada.

As relating to residence necessary to confer jurisdiction in divorce actions these citations are to the effect that the residence of the plaintiff is a material element and that the residence must be a bona fide one; that a bona fide residence is a jurisdictional prerequisite; that the residence must be of a character denoting a present intention on the part of the one claiming it to make it the person's home permanently, or at least for an indefinite period; that the residence meant by the Nevada law is one characterized by the physical presence of the person, as well as by his or her intent to make the place a home; that mere physical corporeal presence is not the sole element of the residence required of a plaintiff in a divorce action; that such physical presence must be accompanied by an intention to make the State of Nevada the plaintiff's home; that both are basic and jurisdictional requirements.

As respects these elements of residence in Nevada and intent to make Nevada a home, defendant's testimony in the case at bar negatived their existence.

Defendant was called as a witness by plaintiff. She testified she left New York City for Nevada about December 1, 1939; that Braunstein did not go to Nevada but at all times remained in New York; that he arranged with a lawyer in Nevada to enter an appearance for him in the divorce suit; that before she left for Nevada she resided in this city with her mother and

her infant son, the latter being the issue of her marriage with Braunstein; that her son remained here and continued to reside with her mother; that she had her own household furniture which was in her mother's home, and that upon her return to this city from Nevada she and her son continued to reside with her mother.

She testified, also, that she went to Reno, Nevada, solely to procure the divorce decree; that she did not go to Nevada to reside there and that she did not establish any home there but merely put up temporarily at a hotel in Reno and intended to return to New York after obtaining her divorce and did so.

These facts appearing it is thereby indubitably shown that defendant herein was not a bona fide resident of Nevada, and it is the opinion of this court that the said District Court of Washoe County was without jurisdiction, *ab initio,* to grant her a decree of divorce; that the decree granted to her is null and void; that her marriage to Braunstein was not dissolved by said decree; that at the time of her marriage to plaintiff her prior marriage to Braunstein was still in full force and effect and that in consequence her marriage to plaintiff was and is null and void.

Defendant maintains that as plaintiff was aware that she contemplated leaving for Nevada for the sole purpose of procuring a divorce he is by reason thereof estopped from assailing the validity of the divorce. I see no substance to this assertion.

Defendant makes the further contention that under the ruling in *Shea* v. *Shea* (270 App. Div. 527; LEWIS, P. J., and HAGARTY, J., dissenting), both the parties to the divorce suit, as well as the plaintiff herein, are estopped from inquiring into the *bona fides* of the defendant's residence in Nevada, and that neither of them can collaterally attack the validity of the Nevada decree on that ground, there having been personal appearance by defendant in the foreign divorce action.

With due deference to the ruling in the *Shea* case (*supra*), in the absence of a ruling to like effect by the Appellate Division of this department I am inclined to reach an opposite conclusion, and in doing so I am persuaded by the reasoning of Presiding Justice LEWIS, wherein he says (p. 534): "The power of a court to grant a decree of divorce is based fundamentally upon jurisdiction of the subject matter, which in turn depends upon the domicile in the State of at least one of the parties to the action. * * * The appearance of the parties, in the

absence of domicile, cannot confer jurisdiction to render the judgment. * * * This is based upon the elementary rule that where jurisdiction of the subject matter is lacking, it cannot be granted by consent of the parties.''

Reference should also be made to *Honig* v. *Honig* (267 App. Div. 908 [2d Dept.]), an action for separation, wherein defendant claimed a decree of divorce obtained by the plaintiff in another State was ineffectual to dissolve her prior marriage because of her failure to establish a bona fide domicile in that State. Judgment for plaintiff was reversed on the law and judgment directed for the defendant. The court, by unanimous decision, held that the quasi estoppel invoked in *Krause* v. *Krause* (282 N. Y. 355) did not operate against a party who did not procure the foreign decree.

Judgment for plaintiff. Submit proposed findings and interlocutory decree, on notice.