Nancy O. de Marigny, Plaintiff, *v.* Alfred F. de Marigny, Defendant.

Supreme Court, Special Term, New York County, July 13, 1948.

*Hirsch, Shalleck, Krakower & Gelwan* for defendant.

*Sol A. Rosenblatt* for plaintiff.

Botein, J. Plaintiff and defendant were married some years after defendant's former wife had secured a decree of divorce against him in the State of Florida. The complaint alleges that the decree is a nullity since neither the defendant (who appeared by attorney in the afore-mentioned Florida divorce action) nor his former wife had the requisite domicile to confer jurisdiction upon the court which granted the decree. Plaintiff prays for a decree annulling the marriage between the parties.

Defendant has moved for judgment on the pleadings, contending that the complaint is insufficient since the decree of divorce was founded upon the appearance of himself and his former wife and is therefore immune from attack by the plaintiff, purportedly his present spouse.

The Supreme Court of the United States has frequently held that *parties* who have appeared in an action for divorce in one State may not relitigate the issues of that action, including jurisdiction founded upon domicile, in the courts of another State (*Sherrer* v. *Sherrer,* 334 U. S. 343; *Coe* v. *Coe,* 334 U. S. 378). These decisions confirm the latest decisions of the courts of this State upon the point (*Schacht* v. *Schacht,* 295 N. Y. 439; *Glaser* v. *Glaser,* 276 N. Y. 296; *Miller* v. *Miller,* 65 N. Y. S. 2d 696, affd. 271 App. Div. 974, motion for leave to appeal denied 271 App. Div. 1017). The question still remains whether a person, not a party to the action, may in the courts of this State attack the decree so rendered for lack of jurisdiction by the court which granted it. Challenge has been permitted by children of the marriage (*Matter of Lindgren,* 293 N. Y. 18; *Urquhart* v. *Urquhart,* 272 App. Div. 60, affd. 297 N. Y. 689), and by a subsequent spouse of one of the parties to the foreign divorce (*Lane* v. *Lane,* 188 Misc. 435; *Swanston* v. *Swanston,* 76 N. Y. S. 2d 175; *Rosenberg* v. *Perles,* 182 Misc. 727). The conclusion reached in these cases is in accord with the statement of the Supreme Court of the United States that " those not parties to a litigation ought not to be foreclosed by the interested actions of others " (*Williams* v. *North Carolina,* 325 U. S. 226, 230). The policy which they carry out has been characterized by the Appellate Division of this department as " both logical and reasonable." (*Senor* v. *Senor,* 272 App. Div. 306, 313, affd. 297 N. Y. 800.)

The weight of authority would appear to lie with these cases rather than with *Shea* v. *Shea* (270 App. Div. 527, decided in the Appellate Division, Second Department, two justices dissenting) and *Holloway* v. *Holloway* (187 Misc. 388) expounding a contrary view.

The defendant's motion for judgment on the pleadings is denied.