NANCY O. DE MARIGNY, Plaintiff, *v.* ALFRED F. DE MARIGNY, Defendant.

Supreme Court, Special Term, New York County, July 13, 1948.

*Sol A. Rosenblatt* for plaintiff.

*Hirsch, Shalleck, Krakower & Gelwan* for defendant.

BOTEIN, J. Plaintiff has moved, by cross notice to defendant's motion on the pleadings decided herewith (193 Misc. 189), to strike out defendant's defenses as insufficient in law, or in the alternative to strike their allegations from the answer as sham.

The defenses allege (1) that neither of the parties was or is domiciled in the State and that the court has no jurisdiction of the subject of the action; (2) that the court has no jurisdiction of the person of the defendant; (3) that public policy requires, because of the lack of domicile of the parties, the court to decline jurisdiction of the action; (4) the existence of a decree of divorce between defendant and his prior wife and the validity thereof.

The third defense is insufficient in law and is stricken from the answer. Section 1165-a of the Civil Practice Act requires the court to entertain jurisdiction in an action to annul a marriage, among other instances, where the parties were mar-

ried within the State and the plaintiff is a resident thereof when the action is commenced. Residence as used in this section is synonymous with domicile (*Pignatelli* v. *Pignatelli,* 169 Misc. 534). If these jurisdictional requirements are established the court will have statutory jurisdiction of the action; if they are not proved by plaintiff the court will not have jurisdiction, for they are the only grounds alleged in the complaint. Jurisdiction in such case is not subject to declination by the court nor discretionary in any sense. It is purely statutory and where the jurisdictional facts required by the statute are satisfactorily demonstrated the court must take jurisdiction.

The first and second defenses asserting lack of jurisdiction of the subject of the action and lack of jurisdiction of the person of the defendant, may be considered together. The defendant was personally served out of the State pursuant to an order for such service. He appeared specially for the purpose of contesting jurisdiction. The issues raised by his contest were referred to a referee who recommended that defendant's motion be denied and he be given the opportunity to defend upon the merits. After the confirmation of the referee's report, defendant answered. The conclusions of the referee and the subsequent order of the court do not preclude the defendant from raising and controverting the jurisdiction of the court at the trial. The decision of the court upon the motion and the recommendation of the referee were merely interlocutory and hence cannot conclude further contest of the issues. (*Bannon* v. *Bannon,* 270 N. Y. 484, 493.) Nor does the fact that defendant answered after his motion to vacate had been denied prohibit him from litigating the jurisdictional issues at the trial or upon appeal. (*Heilbrunn* v. *Kellogg,* 253 App. Div. 753, affd. 279 N. Y. 773; *Dorfman* v. *Hassett,* 187 Misc. 1048; 2 Carmody on New York Pleading and Practice, § 759.)

The defendant should be accorded the right to establish lack of jurisdiction of his person for section 1140-a and section 1169 of the Civil Practice Act authorize, in the court's discretion, permanent alimony, temporary alimony and allowance for counsel fees in an action for annulment. (See *Johnson* v. *Johnson,* 295 N. Y. 477.) However, the exercise of the power conferred by statute is dependent upon in personam jurisdiction over a nonresident. (*Geary* v. *Geary,* 272 N. Y. 390, 399; *Odiens* v. *Odiens,* 265 App. Div. 641.) The defense of lack of jurisdiction of the person of the defendant will, therefore, be permitted to stand.

The defense of lack of jurisdiction of the subject matter relates to issues upon which plaintiff will have the burden of proof and which are provable under defendant's denials. However, since no prejudice is apparent to plaintiff from the inclusion of this separate defense, it will, under the accepted practice in this department, be permitted to stand. (*Home Ins. Co. v. Gillespie Loading Co.*, 222 App. Div. 67.)

The fourth defense alleging the existence and validity of the decree which plaintiff alleges to be invalid likewise presents issues upon which plaintiff will have the burden of proof and which defendant will be able to controvert under the general issue. But again since the pleading of the decree as a separate defense cannot injure the plaintiff, it will not be stricken. (*Home Ins. Co. v. Gillespie Loading Co., supra.*)

That branch of the motion attacking defenses as sham has been considered and is denied. Settle order.