Joseph A. Cox, S.
The petitioner in this proceeding to compel the executrix to account is the divorced wife of the testator. The petitioner asserts that she is a creditor of the estate and, as such, entitled to 75% of the net estate by force of an agreement entered into with her husband prior to the divorce. Her petition relies upon a notice of claim which alleges that the purported agreement was entered into during the pendency *281 of a divorce action and that, in consideration of her taking the steps necessary to “ effectuate and consummate the divorce proceedings then pending between the parties ”, the husband agreed to make no change in a then existing will which bequeathed his wife a 75% interest in his estate. The petitioner alleges that she performed her obligations under the agreement and procured the divorce.
The petitioner and the testator were residing in the State of Ohio at the time the alleged agreement was made and a divorce was obtained in that State. The legality of an agreement made and performed by the petitioner in Ohio would be governed by the law of that jurisdiction (2 Beale, Conflict of Laws, § 347.2) but the parties to this proceeding have considered the questions against the background of New York law and, in the absence of any proof of Ohio law, the law of the forum furnishes the rule1 for the guidance of the court (Savage v. O’Neil, 44 N. Y. 298).
A hearing has been had for the purpose of determining whether prima facie the petitioner has a status as a creditor of the estate. At such hearing the petitioner was unable to produce the agreement upon which she relies and it is her contention that her husband’s commitment was in the form of a letter which has been lost. Despite the obvious importance of this paper to the petitioner, not only now but at the time it was said to have been delivered, the petitioner says that she placed it in a pigeonhole of a desk in the apartment which she occupied with her husband. An attempt was made to prove the consent of this letter through the testimony of a witness to whom it is claimed the letter at one time was exhibited but the court is unable to conclude either that such letter once existed or that any letter exhibited to the witness constituted any basis for claim against this estate.
The proof presented by the petitioner was quite at variance with the allegations in her notice of claim, for if the testimony offered on behalf of the petitioner is accepted, the purported agreement was made prior to the institution of any matrimonial proceeding, at a time when the parties were living together, with the objective of effecting a separation and not for the purpose of procuring a divorce and the parties continued to live, together subsequent to the date of the purported contract. Accepting either of the petitioner’s conflicting contentions and irrespective whether the alleged agreement contemplated a future separation or a severance of the marital bond by divorce, such an agreement would be void (Winter v. Winter, 191 N. Y. 462; Galusha v. Galusha, 116 N. Y. 635; Tallinger v. Manderville, 113 N. Y. 427; Pettit v. Pettit, 107 N. Y. 677; Murthey v. *282 Murthey, 261 App. Div. 991, affd. 287 N. Y. 740; Haas v. Haas, 298 N. Y. 69; Wasserstrom v. Pearce, 47 N. E. 2d 660 [Ohio, Ct. Common Pleas]; Campbell v. Campbell, 75 N. E. 2d 698 [Ohio, Ct. App.]; Schiff v. Schiff, 45 N. E. 2d 132 [Ohio, Ct. Common Pleas]).
In December, 1955, some two months subsequent to the purported date of the purported letter, the petitioner and her husband entered into a separation agreement and in February, 1956 the petitioner was granted a divorce. The divorce decree incorporated the separation agreement which provided for the payment of $20,000 to the petitioner and under which she agreed to be barred from any claim or interest in all of her husband’s property then owned or thereafter acquired by him. This agreement constituted a full release of the petitioner’s interest in the testator’s property and operates as a bar to the instant claim (Lucio v. Curran, 2 N Y 2d 157).
It is held that the petitioner has failed to establish any possible status as a creditor of this estate and her petition to compel an accounting is dismissed. Submit order on notice.