Frederick Backer, J.
Plaintiff wife sues for a separation, her complaint being predicated upon allegations of abandonment, cruelty and nonsupport. In his answer, the defendant denies the material allegations of the complaint, asserts as an affirmative defense that plaintiff ejected him from the home of the parties, and further alleges a second affirmative defense and counterclaim for annulment of the marriage on the ground that plaintiff’s Virgin Islands’ divorce, from her prior husband in 1952, was void because she was not a bona fide resident or domiciliary of the Virgin Islands at the time of said divorce.
Plaintiff, in her reply, asserts the validity of that divorce decree based upon (1) documentary evidence which shows that both plaintiff and her former spouse appeared in the action, though he did not contest it, and (2) a finding of fact by the Virgin Islands’ court that plaintiff was a bona fide resident and inhabitant of the district there for more than six weeks prior to the commencement of her action.
In the instant motion plaintiff seeks judgment on the pleadings dismissing the second affirmative defense and counterclaim pursuant to rule 112 of the Rules of Civil Practice or, in the alternative, for summary judgment dismissing defendant’s counterclaim under rule 113 of the Rules of Civil Practice on the ground that the official records controvert defendant’s counterclaim and establish a complete defense thereto.
The parties do not dispute the settled law that this -State will allow a third party to collaterally attack a foreign divorce decree if such attack is permitted in the foreign State. The question posed is whether the defendant may successfully attack the divorce decree for lack of jurisdiction in the Virgin Islands. No authoritative Virgin Islands’ cases have been cited by the parties upon the precise point raised. Absent precedential authority, the laws and case laws of the rendering -State must be examined for a solution of the issue.
*327 I note judicially the fact that in 1952 the divorce laws of the Virgin Islands (L. 1944, Bill No. 14, § 9; Virgin Island Code, tit. 16, § 106), provide the following: “In an action for the dissolution of the marriage contract or for a legal separation the plaintiff therein must be an inhabitant of the Virgin Islands who is domiciled therein at the commencement of the action and who has resided therein for at least six weeks prior thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of action arose.”
In Burch v. Burch (195 F. 2d 799), decided shortly after plaintiff obtained her decree of divorce, the court passed upon the jurisdictional! requirements for a divorce, stating at pages 804-805: “At the outset we are confronted with a question of jurisdiction. Under our system of law, judicial power to grant a divorce is founded on domicile. Williams v. North Carolina, 1945, 325 U. S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577. Accordingly the domicile of at least one of the spouses must be within a state or territory in order to give the courts of that state or territory power to dissolve the marriage. Section 9 of the Divorce Law of the Virgin Islands provides that the plaintiff in an action for the dissolution of marriage ‘ must be an inhabitant of the district at the commencement of the action and for six weeks prior thereto, which residence shall be sufficient to give the Court jurisdiction'. In the light of the rule of law to which we have referred the words ‘ inhabitant ’ and ‘ residence ’ as used in the statute must be taken to mean ‘ domiciliary ’ and ‘ domicile ’ respectively. It follows that in order to support a decree for divorce in the Virgin Islands there must be a finding by the District Court that the plaintiff was domiciled in the Virgin Islands at the commencement of the action and for six weeks prior thereto. Domicile is a familiar concept in the law upon which we think it unnecessary to elaborate other than to point out that it involves the idea of a residence sufficiently permanent that its termination is not presently contemplated. Jurisdiction to decree a divorce is not conferred upon the court by a mere temporary residence in the district which is accompanied by a present intention on the part of the plaintiff to leave the Islands as soon as a divorce is granted.”
It thus appears that under the laws of the Virgin Islands the judicial power to grant a divorce is founded on domicile, and the domicile of at least une spouse in the State for a prescribed period was necessary to give the court jurisdiction. Thereafter in the case of Alton v. Alton (207 F. 2d 667) the court there held that in the absence of a showing that the plaintiff was domiciled *328 in the Virgin Islands, the District Court was without jurisdiction to grant a divorce even though there was a personal appearance by the husband and no contest.
Though it appears from the court’s independent research, and no cases being cited by respective counsel on the subject, that the courts of the Virgin Islands have never passed upon .the precise question whether a collateral attack to its divorce decree is permissible, I am persuaded, in the light of the Burch and Alton cases (supra) that the courts of the Virgin Islands would have voided the decree granted plaintiff if defendant’s counterclaim were there sustained.
In any event, where the law of another jurisdiction is silent on the particular point raised, or, absent proof of the foreign law, the law of the forum should be applied (Matter of Wisbauer, 22 Misc 2d 280; 15 C. J. S., Conflict of Laws, § 9 b, p. 877).
Plaintiff however agrees that the defendant may not question the validity of the foreign decree because of the appearance of both parties in the action there and of the finding that plaintiff was a bona fide resident. The cases cited by plaintiff are distinguishable, inapposite and contra to the present law of this State. Mr. Justice Steueb, in the case of De Marigny v. De Marigny (196 Misc. 719), after noting the lack of unanimity in decisions involving issues such as are presented herein, held the present law to be that if the jurisdictional requirements of the granting State are met, and service made in accord with the laws of that State, the judgment of divorce obtained- is unquestionable, but the recitals in the judgments as to residence or domicile may be attacked by a third party. (See, also, Lane v. Lane, 188 Misc. 435.)
As the defendant herein challenges the jurisdiction of the Virgin Islands’ court and the subject matter, i.e., plaintiff was not a domiciliary of the Virgin Islands, a triable issue is thus presented as to the validity of plaintiff’s divorce from her prior husband. This is -sufficient to require a denial of the relief requested herein. The motion is in all respects denied.