Frank J. Kronenberg, J.
James Gutowsky, plaintiff herein, seeks an annulment of his marriage to Virginia Lorence Gutowsky, defendant herein, alleging three separate causes of action.
Defendant counterclaims for a judgment of separation from the bed and board of the plaintiff and asks that provision be made for her support and maintenance; defendant also seeks payment of counsel fees.
After hearing the testimony offered by the parties, briefs were submitted in lieu of oral argument.
It is admitted: That the parties hereto were married on July 30, 1960 at Warren, Pennsylvania; that they were then and still are residents of New York State; that the defendant wife had married one Norman W. Lorence sometime prior to 1952; and that she (defendant herein) obtained a Nevada divorce from said Lorence in 1956.
Plaintiff contends that said Lorence appeared by attorney in the Nevada action and defendant claims he appeared personally.
Plaintiff’s first cause of action alleges that the Nevada court lacked jurisdiction of the parties; since plaintiff therein (defendant wife here) failed to effectively establish a bona fide residence in Nevada, and that consequently said divorce decree is invalid and void and that defendant’s marriage to Lorence was effective and continuing at the time she married plaintiff herein; and therefore plaintiff is entitled to an annulment of his marriage to the defendant.
The first cause of action presents a question of law and a question of fact: .(1) Can a stranger to a prior divorce action in a sister State collaterally attack in New York State the divorce *828 decree granted by said sister State? (2) If so, is there proof sufficient to determine that the defendant failed to establish a bona fide residence in Nevada?
There is authority for permitting a second spouse to make a collateral attack on the decree of divorce granted in a sister State. (Rosenberg v. Perles, 182 Misc. 727; De Marigny v. De Marigny, 196 Misc. 719; Jackson v. Jackson, 274 App. Div. 43.)
The Rosenberg case (supra) decided that a second husband could collaterally attack a Nevada decree of divorce obtained by his wife from her first husband, because she was not a bona fide resident of Nevada, even though the first husband appeared by attorney in the Nevada action; and the court granted the second husband an annulment.
The Rosenberg decision is questioned by the court in Holloway v. Holloway (187 Misc. 388) on the basis of Shea v. Shea (270 App. Div. 527).
In the Shea case, the Appellate Division held that where the wife instituted an action in Illinois and her husband appeared personally and the divorce decree was granted and the judgment made a finding of jurisdiction of the parties, of the subject matter and residence of the plaintiff in Illinois; that a stranger to the action (the executors of the wife’s second husband) could not collaterally attack the validity of the Illinois, decree. ‘‘ In this State, in personal appearance eases, a foreign divorce decree may not be attacked collaterally where the issue of residence was contested in the foreign jurisdiction * * * nor where, although the opportunity to do so was present, the issue was not litigated.” (Shea v. Shea, 270 App. Div. 527, 530.)
In the Holloway case (supra) the defendant’s first husband had appeared in her Nevada divorce action; and the court concluded, on the basis of the Shea case (supra), that whether the issue of residence was raised and litigated or not, the opportunity to do so was present, and consequently the subsequent husband could not attack the Nevada decree collaterally.
Recently, the question of collateral attack by a stranger was reviewed by the court in Rosenbluth v. Rosenbluth (34 Misc 2d 290). The court in the Rosenbluth case made an interesting distinction.
The court concluded that it was not a breach of full faith and credit (U. S. Const., art. IV, § 1) to permit a collateral attack on a decree of a sister State by a stranger to the action, provided, such an attack was permitted in said sister State.
If such an attack was not permitted, then we were bound to give full faith and credit to the laws of the sister State.
*829 In the Rosenbluth case (supra) plaintiff sought to attack an Alabama divorce decree and the court held that since Alabama permits a collateral attack on a divorce rendered in that State by a stranger to the action upon a showing that the court lacked jurisdiction of the marital res and was induced to take jurisdiction by fraud, even though both parties appeared personally, a second spouse was entitled to attack the Alabama decree in New York and seek an annulment of the second marriage on the ground that it was invalid.
Our concern is with a collateral attack in New York State of a Nevada divorce decree, by a “stranger” to the Nevada proceeding.
Section 125.185 of title 11 of the Nevada Revised Statutes states as follows: “ Valid Nevada divorce not subject to contest, attack by third persons not parties to divorce. No divorce from the bonds of matrimony heretofore or hereafter granted by a court of competent jurisdiction of the State of Nevada, which divorce is valid and binding upon each of the parties thereto, may be contested or attacked by third persons not parties thereto (Added to Nevada Rev. Stat. by 1959, 554.)
The court concludes that in the instant case, where the defendant Virginia Lorence Gfutowsky, and her former husband, Norman W. Lorence, personally participated in the Nevada divorce proceeding and there was a full opportunity to contest the jurisdictional issue of residence, the Nevada divorce decree is entitled to full faith and credit (U. S. Const., art. IV, § 1) and in view of the fact that the Nevada law (Nevada Rev. Stat., tit. 11, § 125.185) prohibits the plaintiff herein from collaterally attacking the Nevada divorce decree of the defendant in Nevada, plaintiff cannot collaterally attack said decree in New York.
Plaintiff’s first cause of action is dismissed.
Defendant is entitled, on the proof submitted, to an affirmative decree of this court for a judgment of separation from the bed and board of the plaintiff.