Litchfield agt. Burwell and others.

———◄●●►———

5 How. 341–OVERRULED, 6 How. 278

## SUPREME COURT.

### LITCHFIELD agt. BURWELL AND OTHERS.

The *appointment* of a referee must be made by the court (§270 and 273) although parties may agree upon a suitable person for a referee. The court must be satisfied that the selection made by the parties is a proper one.

A referee who proceeds in a cause, by virtue of an appointment by stipulation of the respective parties, merely, acts without authority.

The facts upon which a plaintiff relies for judgment against infant defendants, must be established by legal proof, notwithstanding, the attorney for the guardian of the infant defendants may have consented in writing that such judgment be taken, upon the report of a referee.

The guardian's responsibility to the infants does not help the difficulty.

Consent to use as testimony what the law will not recognize as such, can not avail, although it be incorporated in a report of a referee.

Where the court clearly discover that the interests of infants are committed to a guardian who is not likely to protect them, he should be removed and a proper one appointed.

The service of a summons, to be used as evidence against defendants who have not appeared, is defective, where the sheriff's certificate is produced which states " that he served on them a copy of a summons and complaint," without mentioning any cause in which it was served.

5 How. 341–APPLIED, 12 Abb. 359, 361; s. c. 21 How. 286, 287; 34 Barb. 95, 97. FOLLOWED, 1 Duer, 470, 476. Con'ra on single point, 5 How. 278. RE-VIEWED, 8 Abb. 123, 125; 3 Redf. 507, 509. As to reference, see 6 How. 278; 7 Id. 12. Service with-out State, REVIEWED, 8 Abb. 127. APPLIED, 31 Barb. 97; s. c. 21 How. 287; s. c. 12 Abb. 361. S. P. 41 Barb. 553; 8 Johns. 194; 33 Barb. 75; s. c. 12 Abb. 14. See 13 How. 43; 4 Cow. 523, 524. Form of ad-mission, S. P. 48 How. 240; 28 N. Y. 285. But see 15 Hun 533; Code § 434 Subd. 2. Guardian cannot con-

*Such service is likewise defective,* where an admission of service purporting to be signed by some of the party's defendants is produced without some evidence of their signatures being genuine, or were written to the admission with their assent. The court takes judicial notice of the signatures of its officers, but are not presumed to know the signature of a party defendant, who has not appeared.

The admission of service of summons by party's defendants residing out of the state, is ineffectual as the basis of any judicial proceeding in *personam* in this state.

*Erie Special Term, Dec.* 1850. The complaint in this cause is in the nature of a bill in equity, to correct an alleged mistake in a deed of conveyance executed by Joseph Clary in the year 1830. Erie county is specified as the place of trial.

The plaintiff claims through various mesne conveyances, under Clary's grantee. It appears from the complaint, that the land in question lies in the city of Buffalo, and it is alleged that only a small part of the land described in the deed was owned by Clary, but that he owned an adjoining lot which is the one intended to have been conveyed. The object of the suit is to obtain a conveyance of these premises.

Joseph Clary has been dead for a number of years and the defendants are made parties as his devisees. Four of the defendants are infants, and appear by a guardian, duly appointed on the application of the plaintiff, and one adult defendant appears by an attorney. An affidavit is presented here showing that no other defendants have appeared; that none of the adult defendants have answered, and that a general answer has been put in for the infants.

The attorney for the guardian ad litem, and the plaintiff stipulated that the cause should be referred to a person residing in the city of New York and that the hearing should be had there. The plaintiff moves upon a report of this person, who acted as referee, and the evidence before him, the affidavit above mentioned, notice to the parties who have appeared, and what is claimed to be due evidence of service of the summons on those who have not appeared, for a judgment pursuant to the prayer of his complaint. He also produces the written consent of the attorney for the guardian of the infant defendants, that he may take such judgment.

Litchfield agt. Burwell and others.

The attorneys for the plaintiff reside in New York; the attorney for the guardian resides in Albany.

JOHN GANSON, *for the Plaintiff*.

SILL, Justice.—There are fatal objections to granting a judgment in this case. It may be proper to remark that the moving counsel is not responsible for the irregularities appearing here, as he is not the attorney in the case. By the Code parties may consent to a reference and may agree upon a suitable person for a referee; still it directs the appointment to be made by the court (§ 270-273). The person selected must be suitable for the purpose (§ 273); and if the court is satisfied that the selection is not a proper one, the order appointing him (at least in the case of infant defendants) may undoubtedly be denied, notwithstanding the stipulation.

The person assuming to act as referee in this case proceeded without authority, and his report has no more legal force than a communication from any other gentleman, who might address the court, on the subject of this suit.

Passing by this objection, the testimony taken by the referee (as he is called) was incompetent, and if admissible would have been wholly insufficient to justify the conclusion at which he arrived.

It appears that two witnesses only were examined. The testimony of one went merely to show that the plaintiff had been in possession by his tenant of the premises claimed, at some specified period in 1837 or 1838, and subsequently. This testimony seems to have been taken before the referee on the 23d September 1850. The other witness resides in Buffalo; is a general land agent, as he says, and has been for several years the agent of the plaintiff. He was examined upon written interrogatories addressed to him at Buffalo, and answered without the intervention of a commissioner or referee.

The guardian for the infants does not propose cross interrogatories or to cross examine the witness; nor does it appear that he had any notice of the proceedings. The witness drew up his own answers to the interrogatories and verified them informally

Litchfield agt. Burwell and others.

(and I am inclined to think extra judicially) before a commissioner of deeds, on the 11th of October 1850. After this, and on the 15th of October, the attorney for the guardian stipulates at Albany that these answers may be read before the referee and that the referee may proceed in the cause without further notice to him.

The witness states that he came to Buffalo in 1834, four years after the deed in question was executed. He says that Clary did not own the land, described in the conveyance in 1830, but that he owned an adjoining lot.

That the land described in the deed belonged to one Brown He undertakes to show also by parol, from whom Brown and Clary derived title to their respective lots, but he does not trace the title even by parol to any legitimate source, or show that any of the persons he names as grantors were ever in possession, or ever saw either lot. One of the interrogatories put to the witness assumes that there was a mistake in the deed, and asks the witness when he discovered it. He answers, in 1843.

This is the substance of this persons information, for it is not testimony, and incompetent and insufficient as it is, the referee reports that a mistake in the description of the land is proved. The witness not only fails to show that he has any personal knowledge of a mistake, but shows affirmatively that he could not have any such knowledge.

In answer to the last general interrogatory the witness volunteers to refer to a letter which he had previously written to one of the plaintiff's attorneys, and says that the letter is true according to his best knowledge and belief. This paper purports to contain some disjointed and imperfect extracts from the will of Joseph Clary. Upon this verification this letter is admitted as evidence, and is deemed sufficient to prove the execution and contents of the will, and to establish the character of the interest of these infant defendants in this land. It is impossible that such a proceeding can be upheld. Both the attorney for the guardian and the referee grossly mistook their powers and their duties. The facts which will entitle the plaintiff to a judgment must be

Litchfield agt. Burwell and others.

established against these infants by legal proof. Neither the guardian ad litem, or any other person has power to waive this proof nor any right without it to consent to a judgment. This is a rule of law that can not be evaded, by consenting to use as testimony what the law will not recognize as such, and the consent of the attorney for the guardian that what is here called testimony, but which does not rise to the dignity of a well authenticated rumor, should be received, does not justify the referee in acting upon it as evidence.

It may be thought that the guardian's responsibility to the infants, is an answer to these objections. This is no reason why judgment should be given against them without proof. As well might it pass without any investigation at all, upon a tender of indemnity for the injury it might work to their rights. The guardian erred in committing the interest of these infants exclusively to an attorney, who seems to have acted under the idea that a guardian was appointed for the convenience and facility of the plaintiffs and not for the protection of the defendants.

The 56th rule of the court forbids the appointment of a guardian ad litem, for infant defendants, who is not their general guardian; or an attorney or officer of the court, who is fully competent to understand and protect their rights.

The rule undoubtedly contemplates that where an attorney is appointed guardian, he shall give his personal attention to the interests committed to his charge.

It is not practicable in this case to distinguish between the acts of the guardian and those of the attorney to whom he seems wholly to have committed the trust reposed in him. If these infants have any rights in this case their interests are now committed to hands where they are not likely to be protected, and I do not see how I can consistently avoid the unpleasant duty of removing this guardian and appointing another in his place.

An order of reference might perhaps be now made but for the fact that the evidence of the service of the summons on some of the parties who have not appeared is defective.

For the purpose of showing service on the defendants Judd and

44

Litchfield agt. Burwell and others.

wife, a sheriff's certificate is produced, which states that he served on them a copy of *a summons and complaint*, but it does not appear that they were the summons and complaint in this cause.

The service upon the defendants Norman Rice and wife, is sought to be proved by an admission to which their names are written, but there is nothing showing that the signatures are those of the defendants, or were placed there by their direction. The court takes judicial notice of the signatures of its officers because they are such; but I am not apprised of any theory or legal fiction by which the court are presumed to know the signature of a party defendant who has not appeared in the cause (2 *Hill*, 369).

The Code makes the defendant's admission evidence of service, but I can not know that it is the admission of these defendants without some evidence showing the signatures to be theirs, or that their names were subscribed to it with their assent.

There would be another difficulty in this case even if I could take judicial notice of the genuineness of these signatures. The admission is not dated at any place, nor does it state where the service or admission was made. But in looking into the letter of the Buffalo witness, which the plaintiff has made evidence against himself, I find it there stated that Norman Rice and wife reside in the state of Michigan. In the absence of any proof to the contrary it must be assumed, and probably such is the fact, that the service and admission were made in that state. Service of process out of the territorial jurisdiction of the court from which it issued was at common law a nullity, and service of the process of our courts on defendants out of this state is inefficacious as the basis of any judicial proceeding in personam (Hulburt vs. Hope Mutual Ins. Co., 4 *How. Pr. R.* 275; same case same vol. 415).

Proceedings may be had against property in this state belonging to a non resident. But notice must be given to such non resident in the mode which the Code specifies (§ 135), and which it calls service of a summons in the suit. In all such cases an order for publication made by the court or a judge is indispensable and then the effect of a personal service is merely to dispense

with the service by mail, prescribed by the Code of procedure (§ 135, sub 6). Without an order and publication personal service is unavailable.

The motion for a judgment is denied. The application for an order of reference upon the stipulation of the plaintiff's attorney and the guardian ad litem, is denied, upon the ground that the cause is not shown to be in readiness for a reference and upon the ground that it appears that the person named in that stipulation is not a suitable person for a referee in this case.

But the plaintiff is at liberty upon producing the proper evidence of service on the parties, who have not appeared, and notice to those who have, to move for a reference to a suitable person, or to make such other motion in the premises as he shall be advised.

The order must also direct that the guardian ad litem of the infant defendants be removed, unless cause is shown against it at a future term, and that Dennis Bowen, counsellor of this court, residing in the city of Buffalo, be appointed in his place, and all orders and papers in the case are hereafter to be served on Mr. Bowen as such guardian.