May 10, 1922, which affirmed an order of Special Term granting the application of the petitioners in the above-entitled proceeding and directing the town boards of said towns of Marilla and Elma to direct the town superintendents of their respective towns to rebuild the bridge on the public highway known as the Marilla-Elma town line road where the same crosses Big Buffalo creek, one-half the cost thereof to be raised by each of said towns.

*Henry W. Hill* and *Dean R. Hill* for appellants.

*Frank L. Barnet* for respondents.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE F. McCOY, Respondent, *v.* ERIE FORGE AND STEEL COMPANY, Defendant, and ERIE FORGE COMPANY, Appellant.

*Process — service of process without state upon foreign corporation — when delivery to director and managing agent sufficient.*

*McCoy* v. *Erie Forge & Steel Co.*, 201 App. Div. 570, affirmed.

(Argued October 3, 1922; decided October 17, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1922, which affirmed an order of Special Term denying a motion to vacate the service of the summons and complaint in the above-entitled action, alleged to have been made upon the appellant herein and to vacate a warrant of attachment issued against its property. Service upon appellant, a foreign corporation, was made without the state, by delivery of a copy of the summons and complaint to one of its directors who was also assistant to the president and managing agent. The order for publication of the summons provided that in lieu of publication, service could be made " without the state upon such officers of said defendant, Erie Forge Company, as are specified in section 229 of the Civil Practice Act." The Appellate

35

Division held that the reference to section 229 was clearly error which might be disregarded and that service made pursuant to the requirements of section 228 in the case of a domestic corporation within this state was sufficient.

The following question was certified: " Was valid service of the summons herein made upon the appellant? "

*G. H. Brevillier* for appellant.

*George H. D. Foster* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

ANNA M. CONKLIN, Plaintiff, *v.* HORACE E. CONKLIN, Respondent.

In the Matter of the Application of HINMAN, HOWARD & KATTELL, Attorneys, Appellants.

*Attorney and client — action by wife for divorce — attorneys discharged by return of wife to husband before judgment — no lien for services.*

*Conklin* v. *Conklin*, 201 App. Div. 170, affirmed.

(Argued October 3, 1922; decided October 19, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 18, 1922, which reversed an order of Special Term determining that appellants herein had a lien for services and disbursements as attorneys for plaintiff in her action for absolute divorce and appointing a referee to determine the amount thereof and dismissed the proceeding. Before the action had proceeded to judgment the plaintiff voluntarily returned to her husband, the defendant, and both parties have since been living together as husband and wife. The Appellate Division held that the appellants were discharged by the act of their client and the performance of future services in this action was rendered impossible by the settlement. Therefore, an allowance of counsel fees could never be made; that nothing exists