HENRY HEILBRUNN and ELIZABETH SONN, as Executors, etc., of LOUIS HEILBRUNN, Deceased, Respondents, v. NELSON S. KELLOGG, Individually and as Executor of HOMER F. KELLOGG, Deceased, Appellant, and Others, Defendants.— Order modifying the official referee's report, and as so modified confirming it and granting a deficiency judgment, reversed on the law, with ten dollars costs and disbursements, and respondents' motion, in so far as it seeks a deficiency judgment against appellant, denied, with ten dollars costs. Appeal from resettled order denying rehearing dismissed. Respondents were not entitled to a deficiency judgment against appellant, who is an executor and a non-resident. The summons in the foreclosure action was served upon appellant personally without the State. Under section 235 of the Civil Practice Act service without a court order is authorized only in so far as the action affects the title to real property. The service of process, either personally or by publication pursuant to order, upon a defendant outside the State will not support a deficiency judgment or a judgment *in personam*, unless property of the defendant, other than the specific property involved, has been attached. (*Schwinger* v. *Hickok*, 53 N. Y. 280; *Durant* v. *Abendroth*, 97 id. 132; *Litchfield* v. *Burwell*, 5 How. Pr. 341; Civ. Prac. Act, §§ 483 and 493.) The fact that the appellant, who is a non-resident, is an executor appointed by a Surrogate's Court of this State, does not change the rule. Appellant, by proceeding with the hearing on the merits after his objection to the jurisdiction of the court to render a judgment against him was overruled, did not waive the right to contest the jurisdiction. (*Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382; *Jones* v. *Jones*, 108 id. 415; *Matter of Smith* v. *Norton*, 204 App. Div. 248; *Rogers* v. *Gould*, 210 id. 15; *Legler* v. *Legler*, 244 id. 55.) Nor did appellant's failure to appeal from the order referring the matter to an official referee to take proof and report as to the value of the mortgaged premises preclude him from contesting the jurisdiction of the court to award a judgment *in personam*.

(*Matter of Silaski*, 175 App. Div. 199; *Luttenberger* v. *Alpert Woodworking Corp.*, 252 id. 862.)  Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.