CENTRAL GREYHOUND LINES, INC., OF NEW YORK, Plaintiff, *v.* ANNA V. FAUST, as Administratrix of the Estates of DOROTHY F. ROOP and Another, Deceased, Defendant.

Supreme Court, Special Term, Oneida County, May 31, 1949.

54

*Bartle Gorman* for plaintiff.

*A. J. Monahan* for defendant.

MALPASS, J.   The defendant has made this motion for an order dismissing the complaint on the ground that the court has not jurisdiction of the person of the defendant either as administratrix of the estate of Dorothy F. Roop, deceased, or as administratrix of the estate of Samuel Roop, deceased.

The action arises out of an automobile accident which occurred near Sangerfield in this State on August 28, 1945, in which accident a collision occurred between a bus owned by the plaintiff and an automobile owned by Dorothy F. Roop, deceased, and driven at the time by her husband, Samuel Roop, also deceased.   Both of these deceased persons at the time of their death were residents of Boonville, Oneida County, New York. Anna V. Faust was appointed by the Surrogate's Court of Oneida County as administratrix of the estate of Dorothy F. Roop on December 28, 1945, and granted letters of administration which were " limited to the prosecution of an action for negligence ".   On the same date letters of administration were issued to Anna V. Faust as administratrix of the estate of Samuel Roop.   Anna V. Faust, the person named as adminis-

tratrix of these estates was and is a resident of the State of Pennsylvania and at no time since this accident has resided in the State of New York.

According to the affidavit filed by the plaintiff herein service of process in this action was made upon Anna V. Faust as administratrix of the estate of Dorothy F. Roop by serving the same upon the Clerk of the Surrogate's Court of Oneida County on August 23, 1948. Thereafter and on August 28, 1948, two copies of the summons and verified complaint were served upon Anna V. Faust in Steelton, Dauphin County, Pennsylvania. The later service was made by a deputy sheriff of Dauphin County.

The defendant asserts that the service upon the Clerk of the Surrogate's Court was ineffective for the reason that such service is authorized only for the service of process issuing from the Surrogate's Court. Section 95 of the Surrogate's Court Act, in my opinion, limits such service to " process issued from the surrogate's court ". Defendant's contention in this regard is well founded and service made upon the Clerk of the Surrogate's Court has no force or effect. The defendant also urges that Anna V. Faust is a nonresident of the State and that service upon her without the State under the circumstances herein prevailing is unauthorized. It does not appear that any property belonging to either of these estates was made the subject of any attachment or that any order directing the service of the summons and complaint without the State was procured by the plaintiff prior to the making of such service. The plaintiff contends that Anna V. Faust, as administratrix of these estates, was in the eyes of the law a resident of the State of New York; that she stood in the place of the deceased persons, both of whom were residents of Oneida County in the State of New York and that her capacity as administratrix having been created by the Surrogate's Court of Oneida County, she is properly deemed to be a resident of the State and that she was properly served in the State of Pennsylvania by reason of the provisions of section 235 of the Civil Practice Act. The plaintiff urges that to hold otherwise would be to legalize a situation which would result in a hardship upon persons having claims for money damages against the estates of deceased persons whose executors or administrators were nonresidents and that the administratrix in the instant action must be held to be a resident of the State in her representative capacity.

There would seem to be considerable force to the arguments presented by the plaintiff. My attention has not been directed by either of the parties to any adjudicated cases in which this question has arisen with reference to an action founded upon the alleged negligence of a decedent against whose administrator or executor it is sought to bring an action for damages. In the case of *Heilbrunn* v. *Kellogg* (253 App. Div. 753), an action was brought to foreclose a mortgage executed by defendant's testator during his lifetime. The testator was a resident of the State of New York at the time of his death and thereafter his will was admitted to probate in the Surrogate's Court of New York County and letters testamentary were issued to the defendant Nelson S. Kellogg who resided outside of the State of New York. Service of the summons and complaint in the foreclosure action was made on the executor outside of the State and judgment of foreclosure and sale was granted in the action and later a deficiency judgment was granted against Nelson S. Kellogg as executor. The granting of deficiency judgment was opposed by the executor upon the ground that the entry of a money judgment against him was not authorized, he being a nonresident of the State and having been served with the summons and complaint outside of the State. In the memorandum allowing the deficiency judgment the Special Term said: "The complaint and notice of motion asks for a deficiency judgment against the executor as such. Section 493 of the Civil Practice Act provides that no judgment by default may be had against a nonresident unless a warrant of attachment had previously issued. However, there is no such restriction as against a resident served without the state. The section provides that a judgment may be had for a sum of money in an action for breach of contract. In this action to foreclose a mortgage, the part which seeks a money judgment is an action on contract founded on the promise to pay the mortgage by the deceased. Therefore, if the executor be considered a resident in his representative capacity a deficiency judgment may be had. Section 182 of the Civil Practice Act provides that an executor shall be deemed a resident of the county of his appointment as well as the county where he resides. This section deals with a change of venue and is not conclusive where the executor resides without the state, as the section seems to contemplate residence in the state in different counties as without the state is not used in the section. It would be a travesty on justice if a deceased New York resident leaving many mortgage liabilities could escape defi-

ciency judgments by the nomination of foreign residents as executors.''

Upon appeal to the Appellate Division, Second Department, the lower court was reversed and (p. 753) the court said: '' Respondents were not entitled to a deficiency judgment against appellant, who is an executor and a non-resident. The summons in the foreclosure action was served upon appellant personally without the State. Under section 235 of the Civil Practice Act service without a court order is authorized only in so far as the action affects the title to real property. The service of process, either personally or by publication pursuant to order, upon a defendant outside the State will not support a deficiency judgment or a judgment *in personam,* unless property of the defendant, other than the specific property involved, has been attached * * * The fact that the appellant, who is a non-resident, is an executor appointed by a Surrogate's Court of this State, does not change the rule.''

The judgment of the Appellate Division was unanimously affirmed (279 N. Y. 773). In view of the rule laid down in the *Heilbrunn* v. *Kellogg* case (*supra*), I am constrained to grant the motion of the defendant and an order may be entered herein granting said motion, without costs.