In the Matter of the Estate of CLAIR A. SHAUL, Deceased.

Surrogate's Court, Jefferson County, June 15, 1951.

*Dunk, Conboy, McKay & Bachman* for Mary E. McLaughlin, petitioner.

WRIGHT, S. Petitioner alleges she has a cause of action against the decedent's estate arising out of decedent's alleged negligence and asks for the appointment of an administrator *de bonis non*.

Decedent's widow was appointed administratrix of the estate by this court. The assets were distributed under decree of judicial settlement. She has since moved to the State of Wisconsin where she has taken up her residence.

While there are no assets of the estate in this State, the petition alleges that the decedent was covered by a policy of liability insurance. Petitioner desires to institute action by serving proper process upon a representative of the estate.

The designation provided for in section 95 of the Surrogate's Court Act, applies only to process out of Surrogate's Court. Therefore, service of a summons out of Supreme Court upon the clerk of this court would be ineffectual. (*Central Greyhound Lines* v. *Faust*, 196 Misc. 53.)

However, section 136 of the Surrogate's Court Act provides: " When all of the administrators, to whom letters have been issued, die or *become incapable* * * * the surrogate must grant letters of administration de bonis non to one or more persons as their successors, in like manner as if the former letters had not been issued; and the proceedings to procure the grant of such letters are the same * * * as upon an original application ".

The question here involves the meaning of the word " incapable ". It is not a term ordinarily used in the Surrogate's Court Act in reference to representatives. Webster's New International Dictionary defines " incapable " as " wanting in capacity, ability, or qualification for the purpose or end in view ".

In the interpretation of statutes, the great principle which is to control is the intention of the Legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43, 49.) Clearly, the Legislature, in enacting section 136 of the Surrogate's Court Act, was making provision for the appointment of a successor when the original representative failed to provide the necessary agency to enable all questions pertaining to the administration of the estate to be determined.

One of the primary purposes for the appointment of a representative of a decedent's estate is to provide an agency through which all claims against the decedent may be pressed to determination. While any such claims remain undetermined, if a representative puts himself beyond reach of the Supreme Court by taking up his permanent residence in another State, then the purpose of his appointment has failed.

The prayer of the petitioner should be granted.