Matthew M. Levy, J.
The defendants are named as Arthur H. Fauset, Howard University and the estate of Alain L. Locke. The university and the estate, appearing specially, bring separate motions to vacate alleged service of process upon them.
As to the estate, the plaintiff conceded on the argument that service on Charles Williams as alleged managing agent thereof was ineffectual. Valid service is claimed to have been made in each of several other ways: by service upon the attorney for the estate, upon the clerk of the Surrogate’s Court, and upon the defendant Fauset.
The court did not acquire jurisdiction over the estate on the basis of the service of the summons and complaint on the attorney for the estate. There is no proof that counsel was empowered to accept service on behalf of his clients. That he has appeared specially to contest the validity of the prior service allegedly made on them does not (it would seem quite plain) subject his clients to the jurisdiction of the court over their person to the extent of permitting service of process anew upon the attorney. If the rule were otherwise, a special appearance would be but a sham.
Neither can the service be sustained, with respect to the attorney, under section 227-a of the Civil Practice Act. By that section, a nonresident plaintiff who institutes an action in this State thereby designates his attorney as his agent to receive service of process in any separate proceeding or action based upon a cause of action or claim which could be interposed by counterclaim in the Supreme Court. The statute clearly does not apply to a situation in which the attorney appears for a nonresident defendant (see 1949 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1949, No. 65(B)], pp. 171-201).
Nor does service on the clerk of the Surrogate’s Court give any comfort to the plaintiff. Section 95 of the Surrogate’s Court Act applies only to process issued out of that court. Service, therefore, upon the clerk of the Surrogate’s Court of a summons issued out of the Supreme Court in the instant action is ineffectual to give this court jurisdiction over the person of the estate (Matter of Shaul, 199 Misc. 1000).
Fauset was served with process in Philadelphia, Pennsylvania. While the complaint fails to set forth the names of the repre *761 sentatives of the estate, the affidavits on the motions disclose that Fauset and one 0’Higgins are the executors. As I have noted heretofore, Fauset is named in the summons as a defendant, hut individually only, and the estate is separately and additionally named as a defendant. The complaint and the affidavits sufficiently show that the plaintiff seeks to charge Fauset in hoth his individual and representative capacities. As an individual, Fauset is a stranger to any right he may have or liability to which he may be subject in his representative function (Leonard v. Pierce, 182 N. Y. 431). The record before me fails to reveal whether Fauset has appeared generally in the action or has contested service. But the estate does object to jurisdiction over it upon the ground that service was not duly had upon it — and there is no basis presented by which service upon the estate through one of its executors out of the State can on its own be deemed valid service upon the estate. Thus, from the point of view of effective service of process — one, which might be valid, as to Fauset the individual; and the other, which is objected to, as to Fauset the executor — I cannot ignore the facts that, in any case, service was made on Fauset out of the State and that Fauset as a defendant in this action occupies and is sought to be charged in two separate and distinct roles.
These crucial facts, in my view, substantively differentiate the case at bar from that of Boyd v. United States Mtge. & Trust Co. (187 N. Y. 262). There, it was held that, where a defendant is sued and served in this State as a trustee, and the court has potential jurisdiction over the person of the defendant both as an individual and as a trustee, the court has power to permit an amendment of the summons and complaint by changing the designation of the defendant to that of an individual, and that the effect of the amendment is not tantamount to bringing in a new party so as to enable him to plead the Statute of Limitations, but merely changes the status in which the defendant is sought to be charged.
In the case before me, although the plaintiff may have obtained jurisdiction over Fauset as an individual, the service in that regard did not ipso facto constitute service upon him as executor of the estate. In this situation, the plaintiff cannot, without more, validly support the contention that Fauset was served with process in an additional and entirely different capacity from that in which he was originally sued and served. Thus it is (I think it appropriate here to mention) that the plaintiff has sought, by way of a companion motion, to amend the title of the action to name Fauset and O’Higgins as executors as *762 defendants in the action, in addition to retaining Fauset as an individual defendant. I have, simultaneously with the disposition of the present motions, granted that application. But, while the court clearly has jurisdiction to effectuate that change, it does not, as I view it, follow that such amendment resulted in the court having jurisdiction over the estate. Process must, I hold, be duly served upon the estate as such — and that has not as yet been done.
The plaintiff claims that Howard University was duly served with process upon its attorney in New York and, because it is doing business in this State, by service as well upon one of its officers. The claim is untenable.
As to the contention in regard to the attorney, that basis has hereinbefore been rejected in a consideration of the motion to vacate made by the estate. There remains only the plaintiff’s claim that the university does business here because it owns or is beneficially interested in the building located in New York City, and in which the injuries to the plaintiff were occasioned, and that process was served upon one of its officers. Whether or not that defendant owned the local building and was therefore engaged in business in this State is not decisive of the instant question. Concededly, Howard University is a foreign corporation, of Washington, D. C., in which city the summons and complaint were served upon its assistant treasurer. He is a proper corporate officer upon whom service may be made. But section 229 of the Civil Practice Act provides that “ [p]ersonal service of summons upon a foreign corporation must be made by delivering a copy thereof, within the state” (italics mine) upon a proper officer; and, since that was not done, service upon the university as made was ineffectual. (Cf. McCoy v. Erie Forge & Steel Co., 118 Misc. 851, affd. 201 App. Div. 570, affd. 234 N. Y. 545.)
The motions to vacate the service of the summons and complaint upon the estate of Alain L. Locke and upon Howard University are, respectively, granted. Orders have been entered accordingly.