Application of ANZIO FROCKS, INC., Petitioner, for an order pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185 and Sections 1 and 2 of the Sherman Act, 15 U.S.C. Sections 1, 2

v.

JOINT BOARD DRESS AND WAIST-MAKERS' UNION OF GREATER NEW YORK, and International Ladies' Garment Workers Union, Respondents.

United States District Court
S. D. New York.
July 28, 1959.

The proceeding sought to be enjoined is an arbitration being conducted before the Impartial Chairman designated in the Collective Agreement. The arbitration deals with the Board's charges that Anzio failed to make certain payments to the Board on behalf of certain Funds and that Anzio caused garments to be manufactured by non-union and non-designated contractors in violation of the Collective Agreement.

When the show cause order, which contained a stay, was presented to the *ex parte* Judge he requested Anzio's attorneys to advise the Board's and Union's attorneys and request their presence in his chambers. See Arvida Corp. v. Sugarman, 2 Cir., 1958, 259 F.2d 428. The order was never served upon the Board or upon the Union. It was served upon their attorneys. Such service was not effective, however, to vest jurisdiction over the persons of the Board and Union in this Court. See Doughney v. Fauset, 1958, 9 Misc.2d 759, 760, 170 N.Y.S.2d 419, 421. Without such jurisdiction, no injunction could issue. Hitchman Coal & Coke Co. v. Mitchell, 1917, 245 U.S. 229, 234, 38 S.Ct. 65, 62 L.Ed. 260. I have consulted with the Judge who signed the order and he has advised me that the Board's and Union's attorneys did not enter a general appearance when they came to his chambers at his request nor did they state that they were authorized to accept service on behalf of the Board or the Union. See Doughney v. Fauset, supra, at loc. cit. Nor does the provision in the order permitting service upon the attorneys indicate the contrary. It is readily explained on the basis that the Judge assumed that a plenary suit had been commenced and that jurisdiction over the persons of the Board and the Union had been acquired by the service of a summons therein.

Under the circumstances, the Court may not make any binding adjudication upon the merits of the petition. The merits were extensively argued, however, and I believe that it would be appropriate, for the benefit of any judge to whom

Lauritano & Schlacter, New York City, for plaintiff.

Schlesinger & Bloom, New York City, for defendants.

PALMIERI, District Judge.

On July 9, 1959 Anzio Frocks, Inc. (Anzio) secured an order, directed to the Joint Board Dress and Waistmakers' Union of Greater New York (Board) and the International Ladies' Garment Workers Union (Union). The order required the Board and the Union to show cause why an order should not be entered "restraining and enjoining [them] * * * from taking any actions, steps or proceedings against [Anzio] * * * pursuant to or founded upon certain alleged violations of a Collective Agreement [between the parties] * * *."

178

another show cause order, containing a stay, may be presented, to point out that there appears to be very little likelihood that Anzio may succeed here even if this Court is vested with jurisdiction over the Board and Union. Moreover, Anzio has utterly failed to demonstrate any basis for the claim of irreparable damage. The history of the arbitration reveals a long series of delaying tactics by Anzio, of which this improvident motion is the most recent.

The stay contained in the order of July 9, 1959 expired at noon on this date. Accordingly nothing remains for the Court to do but deny the petition.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.

It is so ordered.