J. Irwin Shapiro, J.
This is a motion ‘ ‘ for an order setting aside the purported service of the summons and complaint herein on the ground that such service was not made upon the defendant and was not made in accordance with the provisions of Section 227-a or of Section 229-b of the Civil Practice Act ’ ’.
The action is one by the plaintiff against the administratrix of the estate of the deceased to whom letters of administration were issued by the Surrogate’s Court of Queens County, to recover for alleged maintenance and support of the decedent, loans of money to him, and funeral and medical expenses, all alleged to have been paid by the plaintiff. The complaint further alleges the submission of a proof of claim by plaintiff, captioned in the Surrogate’s Court, Queens County, and its rejection by the administratrix.
The administratrix is a nonresident. She was not personally served with process in this action. The service which the defendant attacks and which the plaintiff seeks to uphold was made by leaving a copy of the summons and complaint with the attorney *52 for the administratrix. The plaintiff contends that service of a summons and complaint on attorneys for a nonresident administratrix is sufficient compliance with the requirements of either section 227-a or section 229-b of the Civil Practice Act so as to constitute service of process upon the defendant within this State.
The contention of the plaintiff requires an analysis of those sections. Section 227-a provides as follows: * 1 Designation by a non-resident plaintiff of attorney as agent to receive service of process in separate action or proceeding. The commencement of any action or proceeding in any court of this state by any person not residing in this state shall be deemed a designation by such non-resident person of the attorney appearing in such action or proceeding for such non-resident person as his agent to receive, during the pendency of such action or proceeding, service of process in any court of this state for the determination of any cause of action or claim asserted, either separately or along with any other person or persons, by any person named as a defendant or a respondent in the action or proceeding so brought, against such non-resident either separately or along with any other person or persons, provided the cause of action or claim is one which could have been interposed by way of counterclaim had the action or proceeding been brought in the supreme court.”
It is the theory of the plaintiff that the filing by her of a claim against the estate in the Surrogate’s Court may subject the nonresident administratrix to the jurisdiction of this court under the foregoing statute by service upon the attorney for the administratrix. The court cannot accept that contention for it seems to negate the plain language of the statute and to ignore all of its requirements. The statute, by its very terms, only applies when an action or proceeding is commenced by the nonresident. Here, if there is a proceeding pending in the Surrogate’s Court with respect to plaintiff’s claim, it was commenced by the plaintiff herself and not by the nonresident administratrix. The filing by her of such a proof of claim against the estate is the commencement of a special proceeding by her. (Matter of Whitcher, 230 App. Div. 239; Matter of Schorer, 272 N. Y. 247.)
It is clear that the section applies to a nonresident who in the first instance is asserting a claim and not to the nonresident against whom a claim is made. (Garfield v. MacKinney, 7 Misc 2d 94.)
The plaintiff here would interpret the statute as giving her rights merely because she has instituted proceedings against *53 the nonresident. That is not the purpose of the statute. (Doughney v. Fauset, 9 Misc 2d 759.)
Furthermore, the statute only applies if the plaintiff has been named as a defendant or party in the proceeding brought by the nonresident. This plaintiff does not fall into either category. She was not named by the administratrix in any proceeding instituted by the administratrix. It is the claimant who is ‘ ‘ invoking the jurisdiction of the Surrogate’s Court to assert her claim” (Garfield v. MacKinney, supra, p. 94).
It is thus obvious that section 227-a of the Civil Practice Act cannot serve as any solace for the plaintiff in sustaining her service of the summons and complaint herein upon the attorneys for the administratrix.
What then of section 229-b of the Civil Practice Act, the pertinent portion of which reads as follows: ‘ ‘ Service of summons on nonresident natural person doing business in this state. When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues, provided that a copy of such summons and complaint together with a notice of such service upon such person in charge of such business according to the provisions of this section shall be forthwith sent to such nonresident person or persons by registered mail, return receipt requested.”
Even a casual analysis of that section discloses that none of the essential elements to validate service thereunder is here present.
(1) The statute is applicable only when a nonresident “ shall engage in business in this state.” The administratrix is not engaged in business in this State either in her individual capacity or as administratrix of the estate and her mere undertaking of the administration of the estate in this State does not constitute an engagement in business.
(2) To sustain service under this statute, it must be in an action ‘ ‘ arising out of such business ’ The cause of action here asserted does not arise out of any business whatever with the defendant administratrix. It purports to be a purely personal claim for support and loans furnished to the decedent by plain *54 tiff and for medical and funeral expenses claimed to have been incurred by her in connection with the decedent’s last illness and death.
(3) The statute permits, where applicable, that process be left with a person who “is in charge of any business in which the defendant or defendants are engaged within this state ”. The attorneys with whom the summons and complaint in this case were left are not in charge of any business in which the administratrix is engaged. Their appearance for her as attorneys in the Surrogate’s Court creates a relationship of attorney and client, that and nothing more. It is not a business that the administratrix is engaged in nor a business of which the attorneys are in charge.
Under all of the circumstances, the motion to set aside the service in this case must and the same is hereby granted. The plaintiff, it should be pointed out, is not remediless. She has a forum in which her rights can be readily adjudicated, a forum in which the administratrix is subject to the jurisdiction of the court and in which no problems of service and jurisdiction are involved — the Surrogate’s Court of Queens County.